649 S.E.2d 287

**David R. KYLE, Plaintiff Below, Appellant**

v.

**DANA TRANSPORT, INC., a New Jersey Corporation Authorized to do Business in the State of West Virginia, and Ronnie Dodrill, Defendants Below, Appellees.**

**No. 33183.**

Supreme Court of Appeals of West Virginia.

Submitted April 3, 2007.

Decided May 15, 2007.

Concurring Opinion of Justice Davis June 12, 2007.

Concurring Opinion of Justice Starcher June 11, 2007.

*W.Va.Code,* 48–11–103(c)(3) [2002].

---

6. The court relied on the grounds that Alexander was under sixteen when the order was entered,

Rudolph L. DiTrapano, Lonnie C. Simmons, Heather M. Langeland, DiTrapano, Barrett & DiPiero, PLLC, Charleston, for the Appellant.

Harvey D. Peyton, Thomas H. Peyton, Peyton Law Firm, Nitro, for the Appellees.

ALBRIGHT, Justice:

David R. Kyle appeals from the January 6, 2006, adverse summary judgment ruling entered by the Circuit Court of Putnam County as a result of Appellant's request that he be permitted to proceed under the doctrine of *res ipsa loquitur* in connection with his personal injury case. Upon our review of all pertinent submitted materials and applicable law, we conclude that the circuit court did not commit error in ruling that Appellant had failed to make the requisite demonstrations necessary to permit application of *res ipsa loquitur*. Accordingly, the decision of the circuit court is affirmed.

## I. Factual and Procedural Background

As set forth in the January 6, 2006, order of the circuit court, the parties stipulated to the following facts taken in a light most favorable to the Plaintiff/Appellant:

1. On February 3, 2000, Plaintiff, David R. Kyle, a master electrician, had been dispatched by his employer, Al Marino, Inc., to examine and repair a problem in the maintenance building owned by Defendant, Dana Transport, Inc., in Nitro, West Virginia.

2. This maintenance building was on property owned by Defendant, Dana Transport, Inc., and the electrical panel examined by Plaintiff was inside the maintenance building.

3. Plaintiff was told that Defendant, Dana Transport, Inc., was having a circuit breaker problem. Prior to the 3rd day of February, 2000, Plaintiff had not performed any prior work on this electrical panel in the maintenance building.

4. When the Plaintiff examined the panel, he saw that the cover on the electrical panel had been removed.

5. Plaintiff noticed the screw was loose on one of the mounting fingers of the breaker and tightened it up.

6. The Plaintiff does not know what happened, but stated the electrical panel blew up.

7. As a result of this explosion, the Plaintiff suffered various injuries.

8. The Plaintiff was been unable to determine a cause for this accident.

Prior to the trial of this matter, Appellant requested that his case be allowed to proceed under a *res ipsa loquitur* theory. In February 2003, both parties submitted briefs on this issue which included a stipulation of the above-delineated facts. The matter was not ruled upon by the trial court until the entry of the January 6, 2006, order. In that order, the circuit court decided that Appellant had failed to prove that the event causing Appellant's injuries was of a kind that would ordinarily not occur in the absence of negligence. Additionally, the trial court ruled that Appellant had failed to show that other responsible causes, including his own conduct and that of third parties, were sufficiently eliminated as potential causes of the incident. Through its January 6, 2006, order, the trial court granted summary judgment to Appellees Dana Transport, Inc., and Ronnie Dodrill. Appellant seeks relief from this adverse ruling.

## II. Standard of Review

The principles under which we review a summary judgment ruling are well-established. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Of additional import to our review is this Court's recognition in syllabus point four of *Painter* that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 4.

## III. Discussion

Appellant argues that the trial court incorrectly concluded that he was not entitled to present his case to a jury under a theory of *res ipsa loquitur*. This evidentiary doctrine operates as an exception to the general rule that negligence cannot be presumed. *See Foster v. City of Keyser*, 202 W.Va. 1, 14, 501 S.E.2d 165, 178 (1997) (quoting 16 Am. & Eng. Enc. Law, p. 448). The question of its application arises in those circumstances where mere occurrences of certain events in and of themselves suggest negligence, barring another plausible explanation. *Id.* at 15, 501 S.E.2d at 179.

After reviewing the development of the doctrine of *res ipsa loquitur* in *Foster*, we proceeded to adopt the principles recognized in the Restatement of Torts (Second) as a predicate to its application:

> Pursuant to the evidentiary rule of *res ipsa loquitur*, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct

of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff. *Foster,* 202 W.Va. at 4, 501 S.E.2d at 168, syl. pt. 4.

In ruling on this matter, the trial court concluded that Appellant had failed to satisfy the first two prongs of the test set forth in *Foster.* Specifically, the trial court ruled that Appellant had not shown "that the accident was of a kind that ordinarily would not have occurred in the absence of the Defendants' negligence." Additionally, the circuit court ruled that Appellant "has not presented evidence that other responsible causes, including the conduct of Plaintiff [Appellant], was sufficiently eliminated by the evidence."

Appellant contends that his inability to identify an act of negligence committed by Appellees which might have caused the underlying explosion is inconsequential. He maintains that the doctrine of *res ipsa loquitur* was adopted as an evidentiary aid for plaintiffs in situations similar to his. Stressing that the objective of this evidentiary doctrine is to allow a litigant to recover without direct proof of negligence, Appellant argues that he has no duty to prove what specific negligent act or omission resulted in his injuries.

In response to these contentions, Appellees observe that while Appellant is not required to prove the specific instance of negligence which caused the accident that resulted in harm to him, he does have a duty to present circumstantial evidence of Appellees' negligence. As this Court explained in *Beatty v. Ford Motor Co.,* 212 W.Va. 471, 574 S.E.2d 803 (2002), "[i]t is ... 'clearly an incorrect statement of the law' to say that *res ipsa loquitur* 'dispense[s] with the requirement that negligence must be proved by him who alleges it.'" *Id.* at 476, 574 S.E.2d at 808 (quoting *Peneschi v. Nat'l Steel Corp.,* 170 W.Va. 511, 520, 295 S.E.2d 1, 10 (1982)).

■ We specifically addressed the level of proof that a plaintiff who is relying on *res ipsa loquitur* principles must establish in *Beatty.* We explained that a plaintiff seeking to apply this doctrine is required to dem-onstrate that the evidence he intends to present is circumstantial evidence "that will lead to reasonable inferences by the jury, and is not simply evidence which would force the jury to speculate in order to reach its conclusion." 212 W.Va. at 476, 574 S.E.2d at 808. As we held in syllabus point two of *Farley v. Meadows,* 185 W.Va. 48, 404 S.E.2d 537 (1991),

"The doctrine of *res ipsa loquitur* cannot be invoked where the existence of negligence is wholly a matter of conjecture and the circumstances are not proved, but must themselves be presumed, or when it may be inferred that there was no negligence on the part of the defendant. *The doctrine applies only in cases where defendant's negligence is the only inference that can reasonably and legitimately be drawn from the circumstances.*" Syl. Pt. 5, *Davidson's, Inc. v. Scott,* 149 W.Va. 470, 140 S.E.2d 807 (1965).

*Id.* at 49, 404 S.E.2d at 538 (emphasis supplied).

In this case, Appellees emphasize that Appellant has not identified any possible cause for the accident which led to his injuries. And, as Appellees note, the only evidence of a potential cause of negligence for causing the electrical fire at issue in this case is Appellant's contact with the breaker box. Critically, without the theory of an expert or even a plausible explanation by the plaintiff as an experienced electrician of what may have happened, the jury would have had to resort to conjecture to identify the cause of this accident. *See Farley,* 185 W.Va. at 50, 404 S.E.2d at 539 (recognizing that where facts suggest more than one inference of wrongdoing, expert testimony may be required to establish inference of negligence under *res ipsa loquitur* principles).

■ The trial court was required to determine whether Appellant had introduced sufficient evidence to permit the jury to infer that the harm suffered by Appellant was caused by the negligence of Appellees. The role of the trial court, as we discussed in *Foster,* is "to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn." 202 W.Va. at 21, 501 S.E.2d at 185. Provided the case is

appropriate for the jury, it is then "the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached." *Id.* at 21, 501 S.E.2d at 185.

Applying the three-part test we adopted in *Foster*, the trial court determined that Appellant had failed to meet the first two prongs of the test. In deciding against Appellant on the first prong of the test that requires him to demonstrate that the accident is of a kind that ordinarily does not occur absent negligence, the trial court reasoned:

> The Plaintiff is a certified master electrician who was called to the premises owned by the Defendant in order to repair an electrical problem in the Defendant Dana Transport Inc.'s breaker box. The Plaintiff was notified that the breaker box was energized and began working on the breaker box with a pair of needle nose pliers. He was tightening a screw with a screwdriver when he was burned by an electrical fire. The Plaintiff notes that the electrical panel had been removed prior to the Plaintiff examining it and that a screw on one of the breaker's mounting fingers was loose. However, the Plaintiff has offered no evidence that this constitutes negligent conduct of the Defendants or that these conditions contributed in any manner to the electrocution of the Plaintiff. There is a substantial possibility that the Plaintiff's carelessness in performing work on the electrical panel may have been, at the very least, a contributing factor to the accident. Accordingly, the Plaintiff has not shown that the accident was of a kind that ordinarily would not have occurred in the absence of the Defendants' negligence.

As to the second prong of the *Foster* test, the trial court found

> that the Plaintiff has not presented evidence that other responsible causes, including the conduct of the Plaintiff, was sufficiently eliminated by the evidence to allow the application of *Res Ipsa Loquitur*. The records show that it is not clear how the electrical panel was maintained nor whom had previously performed work on the panel, suggesting that the conduct of unknown third persons or the Plaintiff

himself, could have caused the accident. The Plaintiff therefore has failed to satisfy the second element of the test set forth in *Foster*.

As we recognized in *Foster*, the benefit of the doctrine of *res ipsa loquitur* to a plaintiff is the permissible inference of negligence. *See Foster*, 202 W.Va. at 15, 501 S.E.2d at 179. Through our adoption in *Foster* of the Restatement of Torts (Second) principles governing the use of *res ipsa loquitur*, we established a three-part test as a predicate to application of this doctrine. Before *res ipsa loquitur* can be used as an evidentiary tool to supply the requisite element of negligence, a plaintiff who seeks to utilize this doctrine must first adduce sufficient circumstantial evidence which demonstrates that the injury-causing event is the kind of occurrence that does not routinely take place absent negligent conduct; that other responsible causes are sufficiently eliminated; and that the negligent conduct at issue is within the scope of the defendant's duty to the plaintiff. Only when a plaintiff has adduced evidence that meets all three prongs of the *Foster* test is the fact finder entitled to make the permissible inference of negligence without proof of specific acts of negligence.

Upon our review of the record submitted in this case, we are compelled to reach the same conclusion as the trial court: that Appellant failed to meet the first two elements of the test we adopted in *Foster*. Appellant failed to submit any circumstantial evidence of negligent conduct on the part of Appellees. By failing to introduce evidence, lay or expert, as to the cause of the accident, he did not meet the first requirement to show that the accident was of a kind that ordinarily would not have occurred in the absence of Appellees' negligence. He similarly failed to satisfy the second requirement of ruling out other responsible causes for the accident, including his own conduct. *See* Syl. Pt. 4, *Foster*, 202 W.Va. at 4, 501 S.E.2d at 168.

In order to avoid summary judgment or judgment as a matter of law, a plaintiff who seeks to proceed on a theory of *res ipsa loquitur* must demonstrate each of the three prongs of the test this Court

adopted in syllabus point four of *Foster* as a predicate to application of the evidentiary rule of *res ipsa loquitur*. *See Foster*, 202 W.Va. at 4, 501 S.E.2d at 168, syl. pt. 4. Because Appellant did not meet the foundational requirements necessary to invoke application of *res ipsa loquitur*, the circuit court correctly held that Appellant failed to show a genuine issue of material fact regarding whether Appellees were negligent through the application of *res ipsa loquitur* principles.

Based on the foregoing, we conclude that the circuit court correctly held that Appellant failed to show a genuine issue of material fact regarding whether Appellees were negligent through the application of *res ipsa loquitur* principles. Accordingly, the January 6, 2006, order of the Circuit Court of Putnam County is hereby affirmed.

Affirmed.

STARCHER, J., concurring:
(Filed June 11, 2007)

I join in the well-reasoned majority opinion and write separately to emphasize two points.

First, a plaintiff is not required to *prove* the elements of *res ipsa loquitur* to a trial court in the context of a summary judgment motion. Rather, the plaintiff must *point to some evidence* that would permit a reasonable jury to find that the elements of *res ipsa loquitur* had been established. The credibility and weight to be given to such evidence, and the inferences to be drawn from the evidence, are entirely within the province of the jury.

In the instant case, there was *no* evidence proffered upon which a jury could make the requisite finding. However, had the plaintiff been able to call an expert who could testify that accidents of this sort are likely the result of superior negligence by the person who owned and operated the breaker box, and not third parties or the plaintiff, then a sufficient evidentiary proffer would have had to have been be laid for the jury to receive a *res ipsa loquitur* instruction.

Second, I want to point out that this Court's opinion in *Foster v. City of Keyser*, 202 W.Va. 1, 501 S.E.2d 165 (1997) made it clear that to apply *res ipsa loquitur* in West Virginia, the "sufficient elimination" of a plaintiff's conduct as a cause of the accident does not require evidence tending to show that the plaintiff had *no* responsibility for the accident. Rather, in a modified comparative negligence state like West Virginia, it is necessary for the plaintiff to adduce evidence that tends to show that the plaintiff's negligence was less than 50% of the causation of the accident. *See Foster*, 202 W.Va. at 19, n. 11, 501 S.E.2d at 183, n. 11.

Accordingly, I concur.

DAVIS, C.J., concurring:
(Filed June 12, 2007)

I am writing separately to express my agreement with the result and the reasoning contained in the majority opinion, as well as my concern with the addition of new Syllabus points 4 and 6. The standard of *res ipsa loquitur* is well-settled in this State as demonstrated by our prior holdings. Thus, the new syllabus points are unnecessarily duplicative and should *not* have been included in the majority's opinion.

As the majority correctly stated, the elements of the *Foster* test have not been satisfied. Consequently, the decision of the circuit court should be affirmed. Specifically, the appellant has not satisfied the first prong of showing the event is of a kind which ordinarily does not occur in the absence of negligence, because the evidence in the record does not establish the injury occurred from negligent conduct of the plaintiff. Rather, other conditions may have contributed to the electrocution of the appellant. Also, the appellant has not satisfied the second prong of sufficiently eliminating other responsible causes, including the conduct of the appellant and third persons. The evidence produced does not show how the electrical panel was maintained nor who had previously worked on the panel.

The circuit court correctly decided these issues considering the evidence presented. Simply put, the prongs of the *Foster* test were not satisfied by the appellant. The syllabus points that address standards and rules regarding summary judgment and *res ipsa loquitur* as mentioned in prior cases decided by this Court are legally sound and necessarily applicable in formulating the ma-

jority's decision. However, the addition of new Syllabus points 4 and 6, which also address the application of *res ipsa loquitur* and summary judgment, are merely restatements of this Court's prior holdings. In this respect, new Syllabus point 4, addressing circumstantial evidence, restates Syllabus point 2 of *Farley v. Meadows,* 185 W.Va. 48, 404 S.E.2d 537 (1991), which the majority quotes in its Syllabus point 5. Similarly, new Syllabus point 6 basically reiterates the three-part standard for establishing *res ipsa loquitur* enumerated by this Court in Syllabus point 4 of *Foster v. City of Keyser,* 202 W.Va. 1, 501 S.E.2d 165 (1997), to which the majority cites in Syllabus point 3 of its opinion. This is unnecessary duplication and does nothing to clarify the law.

In conclusion, I agree with the majority's decision and reasoning as to the affirmance of the circuit court's ruling. However, I do not believe the inclusion of new Syllabus points 4 and 6 are necessary to the resolution of this case. Most importantly, I am concerned that the new Syllabus points 4 and 6 set out in the majority opinion may be utilized to cause confusion to a well-settled area of the law.

As such, I respectfully concur.