# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Stephen Maynard,
Petitioner Below, Petitioner

vs) No. 15-0398 (Randolph County 13-C-118)

Wexford Health Sources, Inc.,
and Dr. John Shreve, D.D.S.,
Respondents Below, Respondents

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen Maynard, by counsel Edward R. Kohout, appeals the Circuit Court of Randolph County's April 24, 2015, order granting summary judgment in this civil matter. Wexford Health Sources, Inc. (hereinafter "Wexford"), and Dr. John Shreve, D.D.S. (hereinafter "Dr. Shreve"), respondents, by counsel Philip C. Petty and Ashley Joseph Smith, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in granting summary judgment to respondents based on the findings that (1) res ipsa loquitur did not apply to the facts of this case; and (2) petitioner was required to prove negligence by expert testimony as set forth in West Virginia Code § 55-7B-7.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, petitioner, an inmate at Huttonsville Correctional Complex, filed a civil complaint against respondents in which he alleged medical malpractice and general negligence.[1] Petitioner asserted that he was injured in December of 2012 during an improper tooth extraction procedure performed at the prison by Dr. Shreve, who was employed by Wexford at that time. Petitioner claimed that the tip of an elevator (a dental instrument with a curved end) used by Dr. Shreve broke during the tooth extraction procedure and lodged in petitioner's gums. Due to the difficulty of completing the procedure in the prison setting, Dr. Shreve aborted the tooth extraction and scheduled petitioner for oral surgery with an oral surgeon at West Virginia University ("WVU") approximately one week later. It was during the oral surgery the following week at WVU that the elevator tip was discovered in petitioner's gums and extracted along with the tooth.

---

[1]Petitioner failed to include the complaint in the record on appeal. However, other documentary evidence in the record on appeal provides the content of that complaint, which the parties do not dispute.

1

Thereafter, respondents filed an answer denying medical malpractice and negligence. Following a period of discovery and pre-trial motions, trial was scheduled for April of 2015. In October of 2014, petitioner filed a motion for summary judgment on the issue of liability. In that motion, he argued that the doctrine of res ipsa loquitur required the circuit court to find negligence on the part of respondents as a matter of law.

In February of 2015, the parties deposed petitioner's expert witness, Dr. Bryan Weaver, the chairman of the maxillofacial surgery program at WVU. In that deposition, petitioner qualified Dr. Weaver as an expert in the areas of dental, oral, and maxillofacial surgery. Dr. Weaver testified that the metal found in petitioner's gums was three or four millimeters in size. Dr. Weaver also testified that the metal ultimately removed from petitioner's gums was "possibly" from an elevator. According to Dr. Weaver, elevators at WVU's dental clinic break once or twice per year for a variety of possible reasons, which include excessive force by the dentist or old/weakened equipment. However, Dr. Weaver did not testify that excessive force or old-weakened equipment were the causes for the broken metal in this case, and he specifically explained that there was no indication that the equipment used in Dr. Shreve's procedure was "rusty" or "worn out." Dr. Weaver further testified that it is not negligent for a dentist to leave a piece of metal that breaks from dental equipment, such as an elevator, in a patient's mouth temporarily so long as a referral is made to an oral surgeon. Petitioner claims that Dr. Weaver "confessed" in his deposition that he was a classmate of Dr. Shreve's, but petitioner fails to cite any portion of the record below to establish this claim.

In March of 2015, respondents filed a motion for summary judgment and a response to petitioner's motion for summary judgment on the issue of liability. In their motion for summary judgment, respondents argued that (1) res ipsa loquitur did not apply because "several alternatives to negligence" existed under the circumstances of this case, and (2) petitioner intended to present no expert evidence in support of his complaint, as required by West Virginia Code § 55-7B-7.

In April of 2015, the circuit court held a hearing on the parties' motions for summary judgment.[2] Following that hearing, by order entered on April 24, 2015, the circuit court granted summary judgment in favor of respondents. In that order, the circuit court found that petitioner "has not and will not designate or identify an expert witness to testify as to the appropriate standard of care, the deviation of the standard of care by Dr. Shreve[,] and whether said deviation caused damage to [petitioner]." Therefore, the circuit court concluded that petitioner could not prove negligence based on expert evidence, as required by West Virginia Code § 55-7B-7, and could not prove that petitioner was damaged if negligence occurred. Moreover, given Dr. Weaver's testimony that dental equipment may break for various reasons and that Dr. Shreve did not act outside the standard of care, the circuit court concluded that res ipsa loquitur did not apply in this case because alternatives to negligence existed. This appeal followed.

We have explained that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Further, "[s]ummary

---

[2]No transcript of this hearing was included in the record on appeal.

judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). With these standards in mind, we proceed to the issues raised in this appeal.

On appeal, petitioner first argues that the circuit court erred in granting summary judgment to respondents based on the finding that res ipsa loquitur did not apply to the facts of this case. We have explained the application of res ipsa loquitur as follows:

> The question of [*res ipsa loquitur*'s] application arises in those circumstances where mere occurrences of certain events in and of themselves suggest negligence, barring another plausible explanation.
>
> . . . .
>
> After reviewing the development of the doctrine of *res ipsa loquitur* in *Foster*, we proceeded to adopt the principles recognized in the Restatement of Torts (Second) as a predicate to its application:
>
> > Pursuant to the evidentiary rule of *res ipsa loquitur*, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
>
> *Foster*, 202 W.Va. at 4, 501 S.E.2d at 168, syl. pt. 4.

*Kyle v. Dana Transport, Inc.*, 220 W.Va. 714, 717-18, 649 S.E.2d 287, 290-91 (2007). However, it is also clear that

> "The doctrine of *res ipsa loquitur* cannot be invoked where the existence of negligence is wholly a matter of conjecture and the circumstances are not proved, but must themselves be presumed, or when it may be inferred that there was no negligence on the part of the defendant. The doctrine applies only in cases where defendant's negligence is the only inference that can reasonably and legitimately be drawn from the circumstances." Syl. Pt. 5, *Davidson's, Inc. v. Scott*, 149 W.Va. 470, 140 S.E.2d 807 (1965).

Syl. Pt. 2, *Farley v. Meadows*, 185 W.Va. 48, 404 S.E.2d 537 (1991).

In this case, we reject petitioner's argument that res ipsa loquitur applies because a foreign object remained in his gums following the prison dental procedure. The evidence clearly

3

demonstrated that negligence was not "the only inference that can reasonably and legitimately be drawn from the circumstances." To the contrary, the testimony of petitioner's own expert witness, Dr. Weaver, demonstrated that dental equipment may break for reasons other than negligence. As to Dr. Shreve, it is clear from Dr. Weaver's testimony about the particular circumstances in this case that broken equipment alone did not satisfy the test for res ipsa loquitur. Moreover, Dr. Shreve immediately referred petitioner to an oral surgeon at WVU, which met the standard of care as explained by Dr. Weaver. As to Wexford, Dr. Weaver explained that there was no indication here that the equipment at issue was old or weakened. Therefore, for those reasons, respondents satisfied the sufficient standard of care for dental procedures in a prison setting. Thus, we find no error in the circuit court's finding that res ipsa loquitur did not apply in this case.

Further, while petitioner argues that Dr. Weaver's testimony is unreliable due to his personal history as a classmate of Dr. Shreve's, petitioner cites no portion of the record to establish that the two were, indeed, classmates or knew each other. Petitioner also fails to cite any basis for his conclusion that such a relationship would cause Dr. Weaver to exhibit a bias for Dr. Shreve. There was also no additional testimony or evidence that Dr. Weaver's conclusions were medically wrong. Consequently, on the record before us on appeal, we simply find no support for the conclusion that Dr. Weaver was biased against petitioner or that Dr. Weaver's expert testimony was incorrect or otherwise improper evidence for the circuit court's consideration. As such, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erred in requiring him to provide expert testimony to prove that Dr. Shreve's actions fell below the applicable standard of care. West Virginia Code § 55-7B-7(a) provides, in part, that "[t]he applicable standard of care and a defendant's failure to meet the standard of care, if at issue, shall be established in medical professional liability cases by the plaintiff by testimony of one or more knowledgeable, competent expert witnesses if required by the court." In this action, petitioner alleged medical malpractice and general negligence arising from a medical procedure. This matter is clearly a medical professional liability case. Given that we have already determined that res ipsa loquitur did not apply here, it is clear that petitioner was bound by the statutory requirements of West Virginia Code § 55-7B-7(a). Therefore, we find that the circuit court committed no error in requiring petitioner to provide expert testimony on the issue of respondents' failure to meet the proper standard of care.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  May 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman

4

Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis