THE STATE ROAD COMMISSION OF WEST VIRGINIA

*v.*

JAMES O. BALL, JR., *Doing Business as Ball Lumber Company*

(No. 10531)

Submitted April 23, 1953. Decided May 26, 1953.

350

BROWNING, JUDGE, not participating

*John G. Fox,* Attorney General, and *W. Bryan Spillers,* Assistant Attorney General, for plaintiff in error.

*Percy H. Brown,* for defendant in error.

RILEY, JUDGE:

The State Road Commission of West Virginia instituted this action of trespass on the case in the Circuit Court of Summers County against the defendant, James O. Ball, Jr., doing business as Ball Lumber Company, in the amount of $1,998.20, representing damages to a road bridge in Summers County, on Secondary Route No. 13, and damages to the road by defendant's vehicular equipment.

Plaintiff's declaration charges that the proximate cause of the injury and damages complained of was the negligent act of the defendant, James O. Ball, Jr., doing business as Ball Lumber Company, in transporting motor

equipment having a gross weight in excess of the maximum weight requirements set forth in Section 19, Article VIII, Chapter 60, Acts of the Legislature, Extraordinary Session, 1933, amending Code, 1931, 17-8-19, without obtaining a special permit for such vehicle which exceeded the maximum gross weights, as required by Code, 17-8-20.

To this declaration defendant filed a special plea asserting a counterclaim against plaintiff in the amount of $5,780.00, representing damages to defendant's vehicular equipment. The gravamen of the counterclaim is that the damage to defendant's vehicular equipment was proximately caused by the failure of the plaintiff, The State Road Commission of West Virginia, to post and keep posted signs on each end of the bridge, indicating the maximum safe load or weight that may pass over such bridge at any one time, as required by Section 35, added to Code, 1931, 17-8, by Article VIII, Chapter 40, Acts of the Legislature, Extraordinary Session, 1933. On these pleadings a jury trial was had. The plaintiff, The State Road Commission of West Virginia, prosecutes this writ of error to a judgment in defendant's favor, based on a jury verdict, in the amount of $5,-780.00, being the amount of damages set forth in defendant's counterclaim.

The controlling question of law is: May a defendant in a tort action instituted by the State Road Commission of West Virginia recover by way of counterclaim unliquidated damages in excess of the amount charged in the road commission's declaration? The controlling factual question is whether the damage to defendant's vehicular equipment was proximately caused by the failure of plaintiff to post the bridge, or whether the proximate cause of the collapse of the bridge was defendant's neglect in transporting vehicular equipment in excess of the maximum weight requirements, set forth in Section 19, Article VIII, Chapter 60, Acts of the Legislature, Extraordinary Session, 1933, amending Code,

17-8-19, without obtaining a special permit for a vehicle exceeding the maximum gross weights, as required by Code, 17-8-20.

This record does not disclose whether the bridge was in such state of repair that it would not sustain a load within the maximum limits provided by Code, 17-8-19, as amended. Admittedly, defendant's vehicular equipment weighed in excess of the maximum weight requirements set forth in Code, 17-8-19, as amended; and the defendant transported the vehicular equipment over Secondary Route No. 13 and over the bridge without obtaining a special permit for a vehicle exceeding the maximum gross weight, as required by Code, 17-8-20. Likewise, the plaintiff road commission admittedly did not post and keep posted signs on each end of the bridge, indicating the maximum safe load or weight that might pass over such bridge at one time, as required by Section 35, Article VIII, Chapter 40, Acts of the Legislature, Extraordinary Session, 1933, amending Code, 1931, 17-8.

Defendant's counsel assert that the decision in the case of *State of West Virginia by C. S. Davis, Director of Unemployment Compensation* v. *Ruthbell Coal Company,* 133 W. Va. 319, 56 S. E. 2d 549, is controlling on the question whether the verdict in defendant's favor, based on the counterclaim, should be set aside on the ground that the counterclaim constitutes an action against the State within the prohibitory provision of Section 35, Article VI, West Virginia Constitution, the pertinent part of which reads: "The State of West Virginia shall never be made defendant in any court of law or equity, * * *." That case involved a notice of motion for judgment proceeding, in which the plaintiff, director of the department of unemployment compensation, sought to recover liquidated damages, covering alleged delinquent contributions to the unemployment compensation fund, under Acts of the Legislature, Second Extraordinary Session, 1936, Chapter 1, as amended. To

the declaration in that case the defendant filed an amended special plea, asserting a counterclaim for a liquidated amount involving the same transaction. In point 2 of the syllabus of the *Ruthbell Coal Company* case, this Court held: "Where, the State or a direct governmental agency thereof institutes an action at law or a notice of motion for judgment proceeding against a citizen, Article VI, Section 35, of the West Virginia Constitution, furnishes no defense to a counterclaim growing out of the same transaction as the claim pleaded."

The *Ruthbell Coal Company* case is clearly distinguishable from the case at bar in the following particulars: (1) The notice of motion for judgment filed by the plaintiff, director of the department of unemployment compensation, as well as the counterclaim asserted in defendant's amended special plea, both involved liquidated claims; (2) the claims asserted in the notice of motion for judgment and the defendant's amended special plea both grew out of the same transaction; (3) by defendant's special amended plea no affirmative relief was sought by defendant; and (4) the State of West Virginia in the *Ruthbell Coal Company* case had no direct or monetary interest in the fund involved, and the fund itself was not a part of the funds belonging to the State and had not gone into the State treasury.

We adhere to our holding in the *Ruthbell Coal Company* case. This holding, however, in our opinion, should not be extended to the case at bar. It is to be noted that the weight of authority denies, in the absence of statute, any right of offset or counterclaim against a sovereign state. Excellent collations of authorities may be found in the Annotations to *State* v. *Arkansas Brick & Manufacturing Co.*, 98 Ark. 125, 135 S. W. 843, 33 L.R.A., N.S., 376, cited in the Attorney General's brief, and *Hampton* v. *State Board of Education of Florida*, 90 Fla. 88, 105 So. 323, 42 A. L. R., 1456. In the annotation to the first mentioned case, it is stated: "The weight of

authority denies any right of set-off or counterclaim against the state except as granted by statute, on the ground that the state is sovereign, and that it cannot be sued in its own court. Some courts contend, however, that the state, by submitting to the jurisdiction of its judicial tribunals, waives any right to plead its immunity, at least to the extent of its own claim; but a few courts have gone to the extent of holding that the defendant may have an affirmative judgment for any amount in excess of the state's claim. * * *." As plaintiff did not demur to defendant's special plea, we simply hold that the verdict, based on the special plea, cannot be sustained on the ground that the counterclaim asserted therein constitutes an action against the State within the meaning of Section 35, Article VI, West Virginia Constitution.

As the judgment in this case must be reversed, the verdict set aside, and a new trial awarded, we shall proceed to decide whether this record contains sufficient evidence from which a jury could find that plaintiff's failure to post the bridge, and keep it posted, as required by statute, or whether defendant's negligence in transporting over the bridge an excessive load, was the proximate cause of defendant's damages. That the question of what is the proximate cause of an injury ordinarily is a question for the jury is well established in this jurisdiction. In *Norman* v. *Virginia-Pocahontas Coal Co.*, 68 W. Va. 405, 69 S. E. 857, 31 L.R.A., N.S., 504, 509, it was held that: "The violation of the statute is rightly considered the proximate cause of an injury which is a natural, probable, and anticipated consequence of the non-observance." See also *Tarr* v. *Keller Lumber Co.*, 106 W. Va. 99, 144 S. E. 881, 60 A. L. R. 570; *Smith* v. *City of Bluefield*, 132 W. Va. 38, 55 S. E. 2d 392; *Burdick* v. *City of Huntington*, 133 W. Va. 724, 57 S. E. 2d 885.

How, it may be asked, can it be said that the collapse of the bridge was caused by plaintiff's failure to perform its statutory duty to post the bridge and keep it posted? There is, in our opinion, no causal connection between

the failure to post the bridge and keep it posted and its collapse; but we are of opinion, and so hold, that there is sufficient evidence in this record from which the jury could infer that defendant's liability under the statute governing gross weight loads (Code, 17-8-19, as amended,) proximately caused the bridge to collapse, resulting in its destruction. "It is well settled that where the violation of a statute or ordinance is the proximate cause of the injury, or contributed thereto, the wrongdoer is liable therefor." 13 M. J., Negligence, Section 15.

For the foregoing reasons we reverse the judgment of the Circuit Court of Summers County, set aside the verdict, and grant a new trial to be had on plaintiff's declaration, defendant's plea of the general issue, and any proper pleadings which defendant deems advisable to file.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*