589 S.E.2d 532

**Dennis G. MUELLER, Jr., and Pamela Mueller, his wife, Plaintiffs Below, Appellants**

**v.**

**AMERICAN ELECTRIC POWER ENERGY SERVICES, INC., and Mark C. Wilson, Defendants Below, Appellees.**

No. 31151.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2003.

Decided Nov. 10, 2003.

Ronald W. Zavolta, Robinson Law Offices, John Lee Bremer, Wheeling, for the Appellants.

David L. Delk, Jr., Bachmann, Hess, Bachmann & Garden, Wheeling, for the Appellees.

PER CURIAM:

The appellants, Dennis G. Mueller, Jr., and his wife, Pamela Mueller, plaintiffs below, appeal from an order entered on April 17, 2002, in the Circuit Court of Marshall County, West Virginia, granting summary judgment in favor of the appellees, American Electric Power Energy Services, Inc., and Mark C. Wilson, defendants below. In so ruling, the Circuit Court concluded that the appellants failed to show that Dennis G. Mueller, Jr.'s, exposure to boiler gas and fumes while working at the appellees' premises proximately caused the injury to his respiratory system known as Reactive Airways Dysfunction Syndrome ("RADS").

The appellants contend that the entry of summary judgment was erroneous because the record, in fact, contains evidence that Dennis G. Mueller, Jr., contracted Reactive Airways Dysfunction Syndrome while working at the appellees' premises. The appellees, on the other hand, contend that the

Circuit Court ruled correctly, especially in view of the Circuit Court's conclusion that there was no evidence that the boiler gas and fumes, to which Dennis G. Mueller, Jr., was exposed at the workplace, contained any substance known to cause RADS.

This Court has before it the petition for appeal, all matters of record and the argument of counsel. As discussed below, this Court is of the opinion that the record does contain evidence of a substance found within the boiler gas and fumes which could have caused appellant Dennis G. Mueller, Jr., to contract RADS. Therefore, the summary judgment entered against the appellants is reversed, and this action is remanded to the Circuit Court for trial.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In April 1995, the appellant, Dennis G. Mueller, Jr., was working at the Kammer Power Plant in Moundsville, West Virginia. The Plant was operated by Ohio Power Company, also known for purposes of this action as appellee American Electric Power Energy Services, Inc. Appellant Mueller was assigned to work at the Plant by way of his immediate employer, Manpower Temporary Services. He was supervised at the Kammer Power Plant by appellee Mark C. Wilson, an employee of Ohio Power Company.

On April 4, 1995, appellant Mueller was sweeping up coal dust and fly ash in the vicinity of the appellees' boiler number 3. The boiler was utilized at the Kammer Power Plant in the production of electricity through the burning of coal and oil. According to appellant Mueller, boiler number 3, which had been shut down, was activated by the company without warning, resulting in Mueller being exposed to boiler gas and fumes while not wearing a protective respirator. Appellant Mueller, who was working alone at the time, began experiencing a burning in his nose and throat, nausea and other symptoms. He left the area immediately and reported the incident to appellee Mark C. Wilson. That evening at home, according to appellant

Mueller, his symptoms continued and included a headache and coughing.

Appellant Mueller reported to work at the Kammer Power Plant the following day. His condition, however, had not improved, and he experienced shortness of breath. Around noon that day, Mueller went to Reynolds Memorial Hospital in Glen Dale, West Virginia, for emergency care. He was treated at the Hospital for excessive exposure to carbon monoxide. Subsequently, appellant Mueller, continuing to exhibit adverse respiratory symptoms, was seen by Dr. Robert G. Altmeyer, a pulmonologist. Dr. Altmeyer diagnosed Mueller with Reactive Airways Dysfunction Syndrome ("RADS") and concluded that Mueller contracted that injury during the exposure in question. As Dr. Altmeyer stated: "I believe that his RADS was caused by exposure to irritating or noxious substances / gases at work."

It should be noted that, at the time of the exposure on April 4, 1995, appellant Dennis G. Mueller, Jr., was a 24 year-old nonsmoker with no history of significant health problems.

In April 1997, the appellants filed a personal injury action in the Circuit Court of Marshall County against the appellees. Count 1 of the complaint, based upon negligence, alleged that Dennis G. Mueller, Jr., was permanently injured "when he was exposed, without warning, to a not yet identified gas, but a gas believed to have been composed at least in part of carbon monoxide and irritants." Count 2 of the complaint, based upon strict liability, alleged that the operation of the Kammer Power Plant by the appellees included the "generation, containment and discharge of gas containing toxic elements and / or irritants" which constituted an inherently dangerous activity and which rendered the appellees strictly liable for Mueller's injury. Count 3 of the complaint alleged loss of consortium. The appellees filed an answer denying liability to the appellants.

The appellants filed a pre-trial memorandum in the Circuit Court in which they alleged that, in addition to carbon monoxide, Dennis G. Mueller, Jr., had been exposed to "sulfur dioxide, inorganic arsenic and other gases and toxins." Nevertheless, on January 15, 2002, the appellees filed a motion for summary judgment alleging that the appellants failed to establish that the exposure at the Kammer Power Plant proximately caused Mueller to contract RADS. Specifically, the appellees pointed out that Dr. Altmeyer indicated that neither carbon monoxide nor fly ash could cause RADS, although those substances could cause other, unrelated health problems. In addition, the appellees asserted that, the appellants' pre-trial memorandum notwithstanding, the evidence of record failed to establish the identity of any other substance in the boiler gas and fumes or whether such substance, if identified, could cause RADS.

In response to the motion, the appellants asserted that Dennis G. Mueller, Jr., was exposed to carbon monoxide "and other toxic gases" at the Kammer Power Plant. Moreover, they emphasized the statement of Dr. Altmeyer, described above, that appellant Mueller's RADS "was caused by exposure to irritating or noxious substances / gases at work."

On April 17, 2002, the Circuit Court entered the order granting summary judgment in favor of the appellees, American Electric Power Energy Services, Inc., and Mark C. Wilson. The Circuit Court concluded that the appellants failed to show that Dennis G. Mueller, Jr.'s, exposure to boiler gas and fumes while working at the appellees' premises proximately caused his Reactive Airways Dysfunction Syndrome. As the Circuit Court found: "The plaintiffs failed to produce any evidence that Dennis Mueller was exposed to any substance at the Kammer Plant which caused RADS."

## II.

### DISCUSSION

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally*, Cleckley, Davis and Palmer, *Litigation Handbook on West Virginia*

*Rules of Civil Procedure*, 922–946 (Juris Pub.–2002); 11A M.J., *Judgments and Decrees*, sec. 217.1–217.5 (Michie–1997).

■ Our standards of review concerning summary judgments are well settled. As this Court held in syllabus point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963): "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 2, *Cantrell v. Cantrell*, 213 W.Va. 372, 582 S.E.2d 819 (2003); syl. pt. 2, *Conley v. Johnson*, 213 W.Va. 251, 580 S.E.2d 865 (2003); syl. pt. 2, *Chafin v. Gibson*, 213 W.Va. 167, 578 S.E.2d 361 (2003). In that regard, this Court has observed that, in reviewing an order granting a motion for summary judgment, any permissible inferences from the underlying facts must be drawn in the light most favorable to the party opposing the motion. *See, Zirkle v. Winkler*, 214 W.Va. 19, 585 S.E.2d 19, 21 (2003); *Beatty v. Ford Motor Company*, 212 W.Va. 471, 474, 574 S.E.2d 803, 806 (2002); *Farmers Mutual Insurance Company v. Tucker*, 213 W.Va. 16, 576 S.E.2d 261, 265 (2002); *Painter v. Peavy*, 192 W.Va. 189, 192, 451 S.E.2d 755, 758 (1994). Thus, the permissible inferences in this action must be drawn in favor of the appellants, Dennis G. Mueller, Jr., and Pamela Mueller.

■ As stated above, the summary judgment granted by the Circuit Court was predicated upon a finding that proximate cause had not been shown between appellant Mueller's workplace exposure and his Reactive Airways Dysfunction Syndrome. As stated in syllabus point 2 of *McCoy v. Cohen*, 149 W.Va. 197, 140 S.E.2d 427 (1965): "A fundamental legal principle is that negligence to be actionable must be the proximate cause of the injury complained of and must be such as might have been reasonably expected to produce an injury." Syl. pt. 6, *Judy v. Grant County Health Department*, 210 W.Va. 286, 557 S.E.2d 340 (2001). *See also, Griffith v. Wood*, 150 W.Va. 678, 686, 149 S.E.2d 205, 211 (1966).

Here, Dr. Altmeyer initially stated that, inasmuch as he did not know what substances were in the boiler gas other than carbon monoxide, he could not be certain whether appellant Dennis G. Mueller, Jr., contracted RADS as a result of the April 4, 1995, exposure, or whether Mueller suffered from a naturally occurring respiratory problem. Nevertheless, Dr. Altmeyer was inclined to say that appellant Mueller acquired his problem at the Kammer Power Plant, in view of Mueller's denial of previous health problems.

Upon subsequent medical examination of Dennis G. Mueller, Jr., however, Dr. Altmeyer became more definite about the diagnosis. Concluding that Mueller contracted RADS at the workplace, Dr. Altmeyer testified during his November 13, 2001, deposition as follows:

> [T]his is an individual who had no prior history of any lung disease, of any kind, according to the patient, Number 1. Number 2, he had a single exposure occurring at work. Number 3, his symptoms occurred within 24 to 48 hours, and it persisted for over three months. He has bronchial hyper-reactivity noted by a methacholine challenge test. And his symptoms, which are intermittent coughing, wheezing, shortness of breath, are consistent with RADS also.

Although Dr. Altmeyer still did not know what substances were in the boiler gas other than carbon monoxide, he testified that exposure to sulfur dioxide could cause Reactive Airways Dysfunction Syndrome and that Mueller's complaints were consistent with such an exposure. Describing the effects of sulfur dioxide, Dr. Altmeyer testified:

> Q. Okay. Specifically, for sulfur dioxide, what kind of immediate symptoms or reaction to the exposure would you expect the patient to have?
>
> A. Who developed RADS? Coughing, wheezing, shortness of breath, constriction or tightness in the chest. They may have, at the same time, upper airway irritation, burning in the upper airways, burning in the throat, sneezing, from the irritant effect.

Importantly, in that regard, appellee Mark C. Wilson testified during his June 6, 2001,

deposition that, although he specifically checked for carbon monoxide and not for sulfur dioxide following Dennis G. Mueller, Jr.'s, exposure on April 4, 1995, the boiler gas would have contained sulfur dioxide. Appellee Wilson stated as follows:

Q. We've talked a lot about carbon monoxide, Mark. What other chemicals, based on your approximate 19 years of experience with Ohio Power Company, are employees exposed to in the area where Mr. Mueller was working?

A. Boiler gas does contain sulfur dioxide.

Q. Did you test for that?

A. It was on the monitor. I did not test for it.

 In syllabus point 6 of *Morris v. City of Wheeling*, 140 W.Va. 78, 82 S.E.2d 536 (1954), this Court held:

A *prima facie* case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, that is, it is a case that has proceeded upon sufficient proof to the stage where it must be submitted to a jury and not decided against the plaintiff as a matter of law.

*Shaffer v. Acme Limestone Company*, 206 W.Va. 333, 346, 524 S.E.2d 688, 701 (1999); syl. pt. 3, *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61 (1990). Moreover, this Court noted in *Mays v. Chang*, 213 W.Va. 220, 579 S.E.2d 561, 565 (2003), that questions of proximate cause "are often fact-based issues reserved for jury resolution." *See also, State Road Commission v. Ball*, 138 W.Va. 349, 354, 76 S.E.2d 55, 57 (1953).

Drawing the inferences from the evidence in the light most favorable to the appellants, Dennis G. Mueller, Jr., and Pamela Mueller, this Court is of the opinion that the Circuit Court committed error in granting the appellees' motion for summary judgment. Specifically, the inferences suggest that appellant Mueller, a 24 year-old nonsmoker with no history of significant health problems, developed Reactive Airways Dysfunction Syndrome after being exposed, without warning, to boiler gas and fumes emanating from boiler number 3 at the Kammer Power Plant. In addition to carbon monoxide, the boiler gas and fumes contained sulfur dioxide, a substance noted by Dr. Altmeyer to cause RADS. While those questions are ultimately for a jury to determine, this Court concludes that the record demonstrates a sufficient connection between appellant Dennis G. Mueller, Jr.'s, workplace exposure and his respiratory problem to withstand summary judgment upon the proximate cause issue. The order granting summary judgment should, therefore, be reversed.

### III.

### CONCLUSION

In so holding, this Court notes that neither the appellees' motion for summary judgment nor the April 17, 2002, order of the Circuit Court mentioned count 2 of the appellants' complaint concerning strict liability. Consequently, that claim is not before this Court in this appeal.

Upon all of the above, the order of the Circuit Court of Marshall County, entered on April 17, 2002, is reversed, and this action is remanded to the Circuit Court for trial.

Reversed and remanded.

Justice MAYNARD dissents and reserves the right to file a dissenting opinion.