664 S.E.2d 698

**Clarence T. COLEMAN ESTATE by Co-Administrators Clarence COLEMAN and Helen M. Adkins, Plaintiffs Below, Appellants**

**v.**

**R.M. LOGGING, INC., a West Virginia Corporation; Clonch Industries, Inc., a West Virginia Corporation; and John Robinson, individually, Defendants Below, Appellees.**

**No. 33452.**

Supreme Court of Appeals of West Virginia.

Submitted April 15, 2008.

Decided June 16, 2008.

John R. Mitchell, Esq., John R. Mitchell, LC, Charleston, WV, Joshua I. Barrett, Esq., Lonnie C. Simmons, Esq., Heather M. Langeland, Esq., DiTrapano, Barrett & Di-Piero, Charleston, WV, for Appellants.

Mary H. Sanders, Esq., Shawn D. Nines, Esq., Ashley W. French, Esq., Huddleston Bolen, LLP, Charleston, WV, for Appellees, R.M. Logging, Inc., and John Robinson.

PER CURIAM.

This action is before this Court upon the appeal of Clarence Coleman and Helen M. Adkins, co-administrators of the Estate of Clarence T. Coleman, from the September 20, 2006, order of the Circuit Court of Fayette County, West Virginia, granting summary judgment in favor of the appellees,

R.M. Logging, Inc., and its foreman, John Robinson. The appellants' son, Clarence T. Coleman, employed by R.M. Logging, Inc., as a timber cutter, suffered fatal injuries when he was struck by a falling tree.[1] In seeking recovery, the appellants relied upon the statutory "deliberate intention" exception to the immunity from common law tort liability granted to employers under the West Virginia Workers' Compensation Act.

In entering summary judgment, the Circuit Court concluded that the appellants failed to present evidence upon one of the key requirements of the "deliberate intention" exception, namely, that, prior to the accident, R.M. Logging, Inc., through its foreman, John Robinson, had a "subjective realization and an appreciation" of a specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.

Underlying the Circuit Court's ruling, however, were two unresolved motions: (1) the appellees' motion to exclude the evidence of Homer S. Grose, the appellants' expert safety consultant and (2) the appellants' motion to continue the scheduled trial date for "not more than sixty days" to take the deposition of Kelcey Nicholas, an employee of R.M. Logging, Inc., who was the first person to discover Coleman underneath the fallen tree and who may have witnessed the accident. Neither motion was addressed by the Circuit Court.[2]

This Court has before it the petition for appeal, the record designated by the parties and the briefs and argument of counsel. For the reasons set forth below, and particularly in view of the two unresolved motions, this Court is of the opinion that the summary judgment granted in favor of appellees R.M.

Logging, Inc., and John Robinson was premature and constituted error. The Circuit Court, in failing to address the motion to exclude, rendered unclear whether the evidence of safety consultant Grose was considered in granting summary judgment in favor of the appellees. Moreover, as discussed below, this Court is of the opinion that, under the circumstances, the appellants should have been permitted a reasonable additional time period to discover the evidence of Kelcey Nicholas.

Accordingly, the September 20, 2006, order of the Circuit Court of Fayette County granting summary judgment in favor of R.M. Logging, Inc., and John Robinson is set aside, and this action is remanded to that Court for further proceedings consistent with this opinion.

## I.

### Factual Background

R.M. Logging, Inc., and its foreman, John Robinson were engaged in the business of timber removal in the Cannelton Hollow area near Smithers, West Virginia. After trimming and cutting into logs, the timber was transported to a sawmill operated by Clonch Industries, Inc. One of the timber cutters employed by R.M. Logging, Inc., was Clarence T. Coleman, age 24. As the Circuit Court found, Coleman had 1 year of experience as a timber cutter prior to being hired.

On December 2, 2003, Coleman, using a chainsaw, cut three trees immediately prior to the accident. The first, a large maple tree, fell to the ground. The second, a 15-inch diameter hickory tree, fell in part, leaving its butt end lodged approximately 20 feet above the ground upon a 4 to 6-inch limb.[3] The third tree, an 18-inch hickory, fell but

---

1. In a separate order entered on September 20, 2006, the Circuit Court also granted summary judgment in favor of Clonch Industries, Inc., the operator of a sawmill to which cut timber was delivered. The Circuit Court determined that Clonch was an independent contractor and did not exercise control over Clarence T. Coleman's duties or the work site where he was employed. The appellants do not contest that ruling and have not made Clonch Industries, Inc., a party to this appeal.

2. The record before this Court contains no orders addressing the motion to exclude or the motion to continue. Nor were any transcripts of hearings setting forth rulings upon those motions included in the record.

3. Upon remand, the Circuit Court may find it helpful to clarify whether the 15-inch diameter hickory tree was suspended upon its own 4 to 6-inch limb or whether that limb belonged to another tree.

also remained partly lodged above the ground. The record includes a map showing that the second tree, the 15–inch diameter hickory, was between the other two trees. Coleman then proceeded back toward the maple tree and walked under the butt end of the 15–inch diameter hickory. At that moment, the 4 to 6–inch limb failed, and the 15–inch diameter hickory tree fell striking Coleman on the head. Although Coleman was wearing a hard hat, his injuries were fatal. A report subsequently filed by the federal Occupational Safety and Health Administration ("OSHA") indicated that, instead of passing under the lodged tree, Coleman could have walked 5 feet around the tree's butt end.

The only co-worker near Coleman when the accident occurred was Kelcey Nicholas who was operating a skidder, a vehicle used to pull cut timber from the woods. The record indicates that Nicholas may have seen the tree strike Coleman.[4] In any event, Nicholas, aware that an accident had occurred, ran to Coleman, pulled him from beneath the tree and drove the skidder to the area where John Robinson was operating a dozer. A 911 call for an ambulance was placed and Robinson administered CPR to Coleman at the scene until the paramedics arrived. Coleman was pronounced dead at the hospital.

Soon after, an OSHA investigation was conducted, and a number of citations were issued against R.M. Logging, Inc., for violations of the Occupational Safety and Health Standards of the United States Department of Labor. While many of the citations did not directly concern the accident of December 2, 2003, two are particularly relevant to the proceedings below. The first citation cited 29 C.F.R. § 1910.0266(i)(3)(iii), providing that, with regard to logging operations, employees shall be trained in the recognition of safety and health hazards associated with the employee's specific work tasks. This citation stated that Coleman's continuing to work in the vicinity of the two lodged hickory trees constituted evidence that R.M. Logging, Inc., failed to properly train its employees pursuant to that section.[5] The second citation cited 29 C.F.R. § 1910.0266(h)(1)(vi), providing that each danger tree, including lodged trees and snags, shall be felled or removed using mechanical or other techniques that minimize employee exposure. Here, the citation indicated that a violation occurred because Coleman continued working in the area where the two trees were lodged.[6]

## II.

### Procedural Background

On June 17, 2005, the appellants filed an action in the Circuit Court of Fayette County against the appellees and Clonch Industries, Inc. The complaint was based upon the statutory "deliberate intention" exception, set forth in *W. Va.Code,* 23–4–2(d)(2)(ii)(A) through (E) (2003), to the immunity from common law tort liability granted to employers under the West Virginia Workers' Com-

---

**4.** During his deposition, John Robinson testified as follows:

> Q. Okay. Did Kelcey indicate that he saw the tree hang up?
> A. He said he seen the tree hit [Coleman]. That's all he told me. He didn't say nothing about anything else.

**5.** This citation made note of the fact that John Robinson was a certified logger as well as a foreman and that Robinson was familiar with various safety considerations, such as "retreat paths, hinge wood, two tree-length distances, *etc.*" Robinson obtained his certification from the West Virginia Department of Natural Resources. The violation notwithstanding, the OSHA citation quoted Robinson's statement that he "observes his employees when first hired and determines if they work safe." Neither Clarence

T. Coleman nor Kelcey Nicholas were certified loggers.

**6.** The remaining citations issued by OSHA stated that R.M. Logging, Inc., violated the Occupational Safety and Health Standards by: (1) failing to develop alternative methods of communication at the work site, (2) not properly storing flammable liquids, (3) not providing vehicles with adequate protective mesh material, (4) not providing each employee with first-aid and CPR training, (5) not having a sufficient number of first-aid kits, (6) not including required items in first-aid kits, (7) not developing a communication plan relating to hazardous materials, (8) not maintaining copies of safety data sheets relating to hazardous materials and (9) not providing information and training to employees concerning hazardous materials.

pensation Act. Pursuant to the statute, evidence establishing each of the following five factors is required to satisfy the exception:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless thereafter exposed an employee to the specific unsafe working condition intentionally; and

(E) That the employee exposed suffered serious injury or death as a direct and proximate result of the specific unsafe working condition.[7]

*See,* syl. pt. 2, *Helmick v. Potomac Edison Company,* 185 W.Va. 269, 406 S.E.2d 700, *cert. denied,* 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991), (In a deliberate intention action, evidence must be offered to prove "each of the five specific statutory requirements.").

In seeking recovery under the "deliberate intention" exception, the appellants asserted that Coleman was a novice timber cutter working unsupervised without training in the recognition of safety' hazards relating to his job assignment and without training in relevant safety practices. In that regard, the appellants relied upon the OSHA citation stating that R.M. Logging, Inc., failed to properly train its employees pursuant to 29 C.F.R. § 1910.0266(i)(3)(iii). The appellants also relied upon safety consultant Homer S. Grose, who testified during his deposition that Clarence T. Coleman had not been properly trained to fully understand "the hazard that was presented by the situation" resulting in his death. According to the appellants, the appellees exhibited an indifference to adverse circumstances surrounding the Cannelton Hollow work site which precluded the appellees from asserting that there was no "subjective realization" of the specific unsafe working condition where the accident occurred.

R.M. Logging, Inc., and John Robinson maintained, however, that each employee received training. As Robinson stated during his deposition: "I personally-every timber cutter I hire, I cut with them for two weeks right beside of them [.]" Moreover, Robinson testified that the employees were given literature to read concerning how to cut timber and that safety meetings were conducted at the work site.

In August 2006, the appellees filed a motion to exclude the testimony of the appellants' expert. Homer S. Grose. The appellees asserted that Grose was unqualified to give evidence because his experience was limited to the mining industry rather than the logging industry and because his conclusions in this action were no more than a restatement of the OSHA findings he was provided. Also in August 2006, the appellees filed separate motions for summary judgment. According to the appellees, although the appellants might argue that the appellees were negligent with regard to the December 2, 2003, accident, negligence is insufficient as a matter of law to establish a cause of action for "deliberate intention" under *W. Va.Code,*

---

7. *W. Va.Code,* 23–4–2(d)(2)(ii) (2003), has since been amended. Although the changes are not applicable to this action, it should be noted that, with regard to subsection (d)(2)(ii)(B), the phrase "That the employer had a subjective realization and appreciation of the existence of the specific unsafe working condition" was changed to "That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition."

23-4-2(d)(2)(ii) (2003). Specifically, the appellees asserted that they had no subjective realization that, the training he received notwithstanding, Coleman would cut two trees which became lodged above the ground and then walk beneath one of them in spite of the obvious danger.

As part of their response to the motions for summary judgment, the appellants filed a motion to continue the scheduled September 25, 2006, trial date "for not more than sixty days" upon the ground that further discovery was necessary. In support, the appellants filed an affidavit of counsel indicating that the whereabouts of Kelcey Nicholas, Coleman's co-worker, had recently been determined and that it was necessary to take his deposition prior to trial.[8]

On September 20, 2006, without addressing the appellees' motion to exclude or the appellants' motion to continue, the Circuit Court entered summary judgment in favor of R.M. Logging, Inc., and John Robinson. As stated in the order:

> Decedent had one (1) year of experience as a timber cutter before being hired by R.M. Logging, Inc., and received training, instructional materials and guidance after being hired by R. M, Logging. Plaintiffs have failed to produce any evidence that R.M. Logging, Inc., through its supervisor, John Robinson, was aware that Decedent had felled a tree which became stuck and that Decedent would choose to walk under that tree. * * * Therefore, the Court finds that Plaintiffs have failed to satisfy the requirements of *W. Va.Code* § 23-4-2(d)(2)(ii), in failing to produce any evidence of subjective realization and appreciation of the existence of a specific unsafe working condition.[9]

The appellants appeal to this Court from the September 20, 2006, order.

**8.** An affidavit subsequently filed by the appellees indicated that on July 28, 2006, they informed the appellants that Kelcey Nicholas had been located.

**9.** *See,* syl. pt. 3 of *Blevins v. Beckley Magnetite,* 185 W.Va. 633, 408 S.E.2d 385 (1991), noting that a plaintiff must present sufficient evidence under the five elements or factors set forth in *W.*

## III.

### Standards of Review

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally,* Cleckley, Davis and Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure,* 1110–1147 (3rd ed. Juris Pub.–2008); 11A M.J., *Judgement and Decrees,* § 217.1–217.5 (Matthew Bender & Co.–2007).

■ This Court's standards of review concerning summary judgments are well settled. As syllabus point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), holds: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 2, *Jackson v. Putnam County Board of Education,* 221 W.Va. 170, 653 S.E.2d 632 (2007); syl. pt. 1, *Mueller v. American Electric Power Energy Services,* 214 W.Va. 390, 589 S.E.2d 532 (2003). In that regard, this Court has observed that, in reviewing an order granting a motion for summary judgment, any permissible inferences from the underlying facts must be drawn in the light most favorable to the party opposing the motion. *Mueller, supra,* 214 W.Va. at 393, 589 S.E.2d at 535: *Zirkle v. Winkler,* 214 W.Va. 19, 21, 585 S.E.2d 19, 21 (2003).

■ More specifically, as syllabus point 3 of *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995), holds:

> *Va.Code,* 23-4-2, *especially* with regard to the requirement that the employer had a subjective realization and an appreciation of the existence of the specific unsafe working condition. *See also,* syl. pt. 3, *Mumaw v. U.S. Silica Company,* 204 W.Va. 6, 511 S.E.2d 117 (1998); syl. pt. 3, *Costilow v. Elkay Mining Company,* 200 W.Va. 131, 488 S.E.2d 406 (1997).

If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the non-moving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. pt. 1, *Short v. Appalachian OH–9, Inc.*, 203 W.Va. 246, 507 S.E.2d 124 (1998); syl. pt. 4, *Evans v. Mutual Mining*, 199 W.Va. 526, 485 S.E.2d 695 (1997).

■ Upon appeal, the entry of a summary judgment is reviewed by this Court *de novo*. *Angelucci v. Fairmont General Hospital*, 217 W.Va. 364, 368, 618 S.E.2d 373, 377 (2005); syl. pt. 1, *Koffler v. City of Huntington*, 196 W.Va. 202, 469 S.E.2d 645 (1996); syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Nevertheless, as this Court stated in syllabus point 3 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997): "Although our standard of review for summary judgment remains *de novo*, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syl., *Hively v. Merrifield*, 212 W.Va. 804, 575 S.E.2d 414 (2002); syl. pt. 3, *Glover v. St. Mary's Hospital*, 209 W.Va. 695, 551 S.E.2d 31 (2001).

By statute, in conjunction with prior decisions of this Court, the above principles concerning summary judgment are considered directly applicable to actions brought under the "deliberate intention" exception to employer immunity. As *W. Va.Code*, 23–4–2(d)(2)(iii)(B) (2003), provides:

Notwithstanding any other provision of law or rule to the contrary, and consistent with the legislative findings of intent to promote prompt judicial resolution of issues of immunity from litigation under this chapter, the court shall dismiss the action upon motion for summary judgment if it finds, pursuant to Rule 56 of the Rules of Civil Procedure that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E), inclusive, paragraph (ii) of this subdivision do not exist[.]

*See*, syl. pt. 8, *Jones v. Patterson Contracting*, 206 W.Va. 399, 524 S.E.2d 915 (1999), and syl. pt. 3, *Sias v. W–P Coal Company*, 185 W.Va. 569, 408 S.E.2d 321 (1991), for the proposition that, while the above provision relates to the plaintiff's substantive burden of establishing the elements or factors found in subparagraphs (A) through (E) concerning "deliberate intention." the procedural aspects of summary judgment also apply.

## IV.

### Discussion

■ As stated above, the appellees filed a motion to exclude the evidence of the appellants' safety consultant, Homer S. Grose, upon the ground that his experience was limited to the mining industry and upon the ground that his conclusions in this action were no more than a restatement of the OSHA findings he was provided. On the other hand, the appellants assert: "Mr. Grose runs a company called Health & Safety Services and provides expert testimony on a regular basis involving work place safety and is certified by OSHA to train others on safety issues. * * * Any perceived shortcomings in Mr. Grose's knowledge of the subject matter at issue can be adequately addressed on cross-examination."

■ In syllabus point 5 of *Gentry v. Mangum*, 195 W.Va. 512, 466 S.E.2d 171 (1995), this Court held:

In determining who is an expert, a circuit court should conduct a two-step inquiry. First, a circuit court must determine whether the proposed expert (a) meets the minimal educational or experiential qualifications (b) in a field that is relevant to the subject under investigation (c) which will assist the trier of fact. Second, a circuit court must determine that the expert's area of expertise covers the particular

opinion as to which the expert seeks to testify.

Syl. pt. 4. *Watson v. Inco Alloys International*, 209 W.Va. 234, 545 S.E.2d 294 (2001); *Jones v. Patterson Contracting, Inc.*, 206 W.Va. 399, 524 S.E.2d 915 (1999).

Here, the final order of September 20, 2006, included a finding of fact that Coleman received training from the appellees. In his deposition, however, Homer S. Grose testified that Coleman had not been properly trained to fully understand the hazard that was presented by the situation resulting in his death. The order of September 20, 2006, makes no mention of Grose; nor does it address the appellees' motion to exclude his evidence. That motion was filed on August 16, 2006, approximately 1 month prior to the entry of the final order. Consequently, it is unclear whether, or to what extent, the evidence of safety consultant Homer S. Grose was considered by the Circuit Court in granting summary judgment in favor of the appellees.

Another unresolved matter at the time summary judgment was granted was the appellants' August 2006 motion to continue the scheduled trial date "for not more than sixty days" to take the deposition of Kelcey Nicholas. Nicholas, Coleman's co-worker, was the first person to discover Coleman underneath the fallen tree and may have seen the tree strike Coleman. If so, he would be the sole eyewitness to the accident. After Nicholas ceased employment with R.M. Logging, Inc., his whereabouts became unknown. Although the record is unclear, it indicates that the appellants were informed by the appellees in July 2006 that Nicholas had been found. *See*, n. 8, *supra*. According to the affidavit of appellants' counsel, the evidence of Kelcey Nicholas pertained to the "material facts in this case," and Nicholas' deposition needed to be taken prior to trial.

The affidavit of appellants' counsel was filed pursuant to Rule 56(f) of the West Virginia Rules of Civil Procedure. Under that Rule, should it appear from the affidavits of a party opposing a motion for summary judgment "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." *See generally,* Cleckley, Davis and Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure,* 1144–1146 (3rd ed. Juris Pub.– 2008).

In *Powderidge Unit Owners Assoc. v. Highland Properties,* 196 W.Va. 692, 474 S.E.2d 872 (1996), this Court held that a litigant moving for a continuance pursuant to Rule 56(f) must satisfy the following four requirements:

> (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

196 W.Va. at 702, 474 S.E.2d at 882. Syl., *Elliott v. Schoolcraft,* 213 W.Va. 69, 576 S.E.2d 796 (2002); syl. pt. 5, *Harbaugh v. Coffinbarger,* 209 W.Va. 57, 543 S.E.2d 338 (2000).

Here, as the action proceeded below, the appellants, the appellees and Clonch Industries, Inc., each listed Kelcey Nicholas as a potential witness. His deposition, however, has never been taken. The Circuit Court did not address the appellants' motion to continue. Nor did the Circuit Court make any findings, in the context of the Rule 56(f) affidavit, concerning whether the appellants' were diligent in attempting to locate Nicholas prior to being informed of his whereabouts by the appellees. While Nicholas' testimony is speculative at this point, he may be able to shed light upon such matters as: (1) the nature of the safety meetings conducted at

the work site, (2) the manner and substance of any communications among the employees on the day of the accident and (3) the immediate facts surrounding Coleman's death.[10] Accordingly, this Court concludes that the appellants were justified in characterizing the evidence of Kelcey Nicholas as pertaining to the "material facts in this case." Moreover, this Court concludes that under the circumstances, the appellants' motion to continue the scheduled trial for "not more than sixty days" should have been granted by the Circuit Court.

## V.

### Conclusion

Upon all of the above, this Court holds that the summary judgment granted in favor of R.M. Logging, Inc., and John Robinson, was premature and constituted error. The entry of summary judgment was not appropriate while motions involving fundamental aspects of the action were pending. The September 20, 2006, order of the Circuit Court of Fayette County, West Virginia, is, therefore, set aside, and this action is remanded to that Court for a ruling upon the appellees' motion to exclude the evidence of safety consultant Homer S. Grose, for the entry of an order permitting the appellants a reasonable time period for discovery with regard to Kelcey Nicholas, and for further proceedings consistent with this opinion.

Reversed and Remanded

10. With regard to the latter point, the record includes evidence to the effect that, on the day of the accident, Coleman was working on the side of a hill and that, although a subsequent investigation of the scene revealed that the trees he cut were skillfully felled, he walked beneath the 15- inch diameter hickory tree for reasons unknown. Although the testimony of Kelcey Nicholas may or may not prove helpful in that regard, a reasonable time period for the taking of his deposition is warranted, especially if he is the sole eyewitness to the accident.