**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**September Term 2014**

_____

No. 13-0925

_____

**FILED**

**October 2, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ELIZABETH CHICHESTER,**
**as personal representative of the Estate of George P. Cook;**
**ELIZABETH CHICHESTER, individually;**
**and KATHERINE LAMBSON;**
**Defendants and Counter-Plaintiffs Below,**
**Petitioners**

**v.**

**POSEY GENE COOK,**
**Plaintiff and Counter-Defendant Below; and**
**JAMES D. COOK; JERRY LEE COOK;**
**and TONEY'S FORK LAND, LLC;**
**Defendants Below, Respondents**

---

**Appeal from the Circuit Court of Wyoming County**
**The Hon. Charles M. Vickers, Judge, by Special Assignment**
**Civil Action No. 12-C-37**

**REVERSED and REMANDED**

---

**Submitted: September 9, 2014**
**Filed: October 2, 2014**

G. Todd Houck, Esq.
Mullens, West Virginia
Jackson O. Brownlee, Phv.
Beusse Wolter Sanks Mora & Maire, P.A.
Orlando, Florida
Counsel for the Petitioners

John F. Hussell, IV, Esq.
Staci N. Criswell, Esq.
Mary R. Rowe, Esq.
Dinsmore & Shohl, LLP
Charleston, West Virginia
Counsel for Respondent
Posey Gene Cook

Amy M. Smith, Esq.
Steptoe & Johnson, PLLC
Bridgeport, West Virginia
Steven P. McGowan, Esq.
Jennifer A. Hill, Esq.
Steptoe & Johnson, PLLC
Charleston, West Virginia
Counsel for Respondent
Toney's Fork Land, LLC

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.     *W.Va. Code*, 39B-1-110(a)(1) [2012], of the *West Virginia Uniform Power of Attorney Act* provides that a power of attorney terminates when the principal dies.

2.     "A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey."  Syl. pt. 1, *Jones v. Gibson*, 118 W.Va. 66, 188 S.E.773 (1936).

3.     "Where reference is made in a deed, containing only a general description of land, to another deed, which contains a description by metes and bounds, for the purpose of describing the land intended to be conveyed, it has the same effect as if such particular description in the deed referred to were incorporated in the deed in which the reference is made."  Syl. pt. 2, *Thomas v. Young*, 93 W.Va. 555, 117 S.E. 909 (1923).

**Justice Ketchum:**

This action arose from a dispute between a brother and two sisters concerning the authenticity of a power of attorney for the parties' father and the validity of two deeds. Pursuant to the power of attorney, the brother, Gene Cook, conveyed two tracts of their father's land in Wyoming County to himself. He later leased the land to Toney's Fork Land, LLC.

Gene Cook's two sisters, Elizabeth Chichester and Katherine Lambson, are challenging the authenticity of the power of attorney and the conveyance by Gene Cook to himself.

On March 19, 2013, the Circuit Court of Wyoming County entered an order granting summary judgment in favor of Gene Cook. The court found that the power of attorney was authentic and that the deeds executed by Gene Cook were valid. The circuit court entered an order on August 12, 2013, dismissing the action with prejudice. The two sisters now appeal to this Court.

Upon review, this Court concludes that the evidence reveals genuine issues of material fact surrounding the authenticity of the power of attorney, which thereby brings into dispute the validity of the deeds. Accordingly, we reverse the orders of the Circuit Court of

1

Wyoming County entered on March 19, 2013, and August 12, 2013, and remand this action to that court for proceedings consistent with this opinion.

## I. Factual Background

George P. Cook is the father of the litigating siblings in this action. In 1962, George P. Cook inherited land in Wyoming County through the Will of his deceased father G. W. Cook. The inheritance included an undivided 1/5 interest in two tracts of land that are now in dispute. The Will of G. W. Cook identified the tracts by setting out the acreage of the tracts and referencing the prior deeds which conveyed him title to those two tracts.

While still owning a 1/5 interest in those two tracts, George P. Cook became a resident of Florida. In October 1994, he executed a Will. Sixteen months later, on May 17, 1996, he executed the power of attorney that is in dispute in this case. The document appointed his son, Gene Cook, as his power of attorney or attorney-in-fact. The power of attorney stated, in part:

> I authorize my attorney-in-fact to handle any and all matters relative to any interest I own in real property or oil, gas, mineral or other interests in any and all property owned by me or to which I am entitled to own under the Estate of the late [G. W.] Cook, in and throughout the State of West Virginia.

> I further convey upon my attorney-in-fact, the right to transfer ownership of said property or rights thereto, to himself personally, without limitation.

2

The two-page power of attorney was signed by George P. Cook and allegedly initialed by him on both pages. Page one of the power contained the above-quoted language. Page two of the power included a notary public's acknowledgment of George P. Cook's signature. The notary public was George P. Cook's daughter, Elizabeth Chichester, who is one of the two sisters now litigating this case.

One month after executing the power of attorney, in June 1996, George P. Cook executed a Codicil to his 1994 Will. The Codicil stated:

> At this time, my son, Gene Cook, is protecting my inheritance and insuring that my wife will benefit from any income in the event of my demise, and that my children will own everything equally that I have inherited or am entitled to inherit from my father. * * *
>
> I therefore give, devise and bequeath all my right, title and interest in the [G. W. Cook] Estate assets, to my five children, P. Gene Cook, Jerry Lee Cook, James D. Cook, Katherine Cook-Lambson, and Elizabeth Cook-Chichester, in equal shares, per stirpes.[1]

The appendix record before this Court contains evidence that, in September 1996, after executing the power of attorney and the Codicil, George P. Cook stated during

---

[1] James D. Cook and Jerry Lee Cook executed quitclaim deeds conveying all rights they may have had in the two tracts to Gene Cook. They subsequently filed *pro se* answers in the action endorsing Gene Cook's prayer for relief and alleging that Gene Cook, rather than Chichester and Lambson, had all right, title and interest in the land.

a family reunion that he no longer wished to own property in West Virginia and that he wanted to transfer the two tracts to one of his children.[2]

Subsequently, by a deed made on August 28, 1997, Gene Cook, acting as attorney-in-fact for his father under the power of attorney, conveyed to himself George P. Cook's undivided 1/5 interest in the two tracts of land in dispute. The deed description identifying Tract 1 did not contain a metes and bounds description. Instead, Tract 1 was incorrectly identified by reference to a 1929 deed for a property unrelated to Tract 1. Evidently, the 1929 deed was a conveyance to a different G. W. Cook. The deed's scrivener mistakenly failed to refer to the 1910 deed that conveyed the Tract to George P. Cook's father, G. W. Cook. Tract 2 was, however, correctly identified by a metes and bounds description and had a correct deed reference.

Separate from the 1997 deed's faulty description of Tract 1, the deed included the following back-reference concerning both of the tracts conveyed:

---

[2] James D. Cook and Jerry Lee Cook also filed affidavits stating that, at the family reunion, their father George P. Cook said that he no longer wished to own real property in West Virginia and wanted to transfer his interest in the property to one of his children. According to those affidavits, Gene Cook indicated, at that time, that he would be willing to receive the property. An additional affidavit was signed by P. Don Cook, a nephew of George P. Cook. That affidavit stated that, following the family reunion, P. Don Cook dealt exclusively with Gene Cook as the owner of the 1/5 interest previously owned by George P. Cook.

4

> And, being the same property, one fifth (1/5) interest, inherited by Grantor, George Posey Cook, under the provision of The Last Will and Testament of [G. W. Cook], duly of probate in the Office of the Clerk of the County Commission of Wyoming County, West Virginia, *a copy of the Will which is hereby attached for purposes of reference.*

(Emphasis added). The recorded 1997 deed complied with the back-reference. It had attached the Will of G. W. Cook, which devised Tracts 1 and 2 to George P. Cook in 1962 and correctly identified both tracts.

In March 1999, George P. Cook died in Florida.

In 2008, the defect in the identity of Tract 1 was discovered in the 1997 deed to Gene Cook. The identifying deed reference to Tract 1 incorrectly referred to an unrelated 1929 deed, rather than the correct 1910 deed reference set out in the Will of G.W. Cook. In response, on June 6, 2008, Gene Cook executed a corrective deed to himself correcting the faulty deed reference for Tract 1. Although George P. Cook died in 1999, the corrective deed stated that it was made by Gene Cook pursuant to the 1996 power of attorney. Moreover, Gene Cook also signed the 2008 corrective deed as Executor of the Estate of George P. Cook, even though he had never been appointed the Estate's Executor.

On October 24, 2008, Gene Cook, as the ostensible owner of the undivided 1/5 interest in the two tracts, along with the owners of the other 4/5 interest, leased the property

5

to Toney's Fork Land, LLC, for mining activities. In conjunction with the lease, Gene Cook and the other lessors conveyed the surface of the property to Toney's Fork Land, LLC, for so long as the lease remained in effect.

Chichester and Lambson assert that they first discovered that Gene Cook had attempted to convey George P. Cook's two tracts to himself in August or September 2011.[3]

## II. Procedural Background

Gene Cook filed the current action in February 2012 in the Circuit Court of Wyoming County. His complaint sought a declaratory judgment quieting his title to the undivided 1/5 interest in the two Wyoming County tracts. *See* W.Va. R. Civ. P. 57 (declaratory judgments)*; West Virginia Uniform Declaratory Judgments Act*, *W.Va. Code*, 55-13-1 [1941], *et seq*. In an amended complaint, Gene Cook alleged, *inter alia*, that the defect concerning the identifying deed reference to Tract 1 in the 1997 deed was mere surplusage resulting from a clerical error of the scrivener, *i.e.*, that Gene Cook properly acquired title to the two tracts pursuant to that 1997 deed and the 2008 corrective deed.

---

[3] In November 2011, Elizabeth Chichester, a resident of Florida, was appointed as the personal representative of the Estate of George P. Cook. The appointment was through the Probate Division of the Circuit Court of Hernando County, Florida. An order was entered in Florida admitting George P. Cook's Will and Codicil to probate. It is our understanding that Gene Cook later challenged his sister's appointment as personal representative.

Chichester and Lambson filed an answer to the amended complaint and a counterclaim, alleging that the Estate of George P. Cook was the owner of the two tracts and that Gene Cook had no authority to enter into the lease with Toney's Fork Land, LLC.

Specifically, Chichester and Lambson alleged that the 1997 deed was invalid because the defect therein was not mere surplusage and because Gene Cook's conveyance of the property to himself constituted a breach of his fiduciary duty to George P. Cook under the power of attorney. In addition, Chichester and Lambson alleged that Gene Cook committed fraud with regard to the 2008 corrective deed (1) by using the power of attorney after the death of George P. Cook and (2) by signing the corrective deed as Executor of George P. Cook's Estate, even though Gene Cook had never been appointed the Estate's Executor. Finally, Chichester and Lambson alleged wrongful interference with testamentary expectancy and sought damages, plus an accounting of all sums due the Estate of George P. Cook.[4]

Elizabeth Chichester testified in her deposition that, although she did not have a copy of the original power of attorney in her possession, she typed the original document and notarized George P. Cook's signature thereon. She further testified that the original

---

[4] Chichester and Lambson filed a declaratory judgment action against Gene Cook and Toney's Fork Land, LLC, in the United States District Court for the Middle District of Florida, seeking to set aside Gene Cook's conveyance of the property to himself. That action has been stayed pending the outcome of the litigation in West Virginia.

7

document did not include a paragraph allowing Gene Cook to convey the property to himself and that the true initials of George P. Cook do not appear on page one of the power of attorney submitted into evidence by Gene Cook. Elizabeth Chichester also testified that George P. Cook made the June 1996 Codicil to his Will, which directed that his children would "own everything equally," because he was concerned about the import of the May 1996 power of attorney.

Gene Cook filed a motion for summary judgment. The motion alleged that the defect identifying Tract 1 in the 1997 deed, by which Gene Cook conveyed the two tracts to himself, was mere surplusage resulting from a clerical error and that the deed should be reformed to confirm the conveyance.

Following a hearing, the circuit court entered an order on March 19, 2013, granting summary judgment in favor of Gene Cook.

The circuit court rejected Chichester and Lambson's assertion that Gene Cook committed fraud with regard to the 2008 corrective deed. The circuit court found that, even though Gene Cook executed the corrective deed with reference to the power of attorney and signed the deed as the executor of George P. Cook's Estate, Chichester and Lambson failed to establish that they had relied on the corrective deed for any purpose. Therefore, the circuit court concluded that an essential element of an action for fraud had not been shown. *See* syl.

8

pt. 5, in part, *Kidd v. Mull*, 215 W.Va. 151, 595 S.E.2d 308 (2004) (The plaintiff's reliance on a material and false act of the defendant is an essential element in an action for fraud.).

Moreover, the circuit court upheld the validity of the original 1997 deed. The court found that the mistaken identifying reference to Tract 1 in the 1997 deed should be rejected as surplusage. Stated differently, the 1997 deed sufficiently established that the property to be conveyed was the same 1/5 interest George P. Cook inherited from his father, G. W. Cook. Thus, the circuit court ruled that the 1997 deed would be reformed to reflect the correct identifying reference to Tract 1.

The circuit court further found that since the power of attorney expressly authorized Gene Cook to convey the property to himself, and that there was corroborating evidence of George P. Cook's intent to permit such a transfer, there was no breach of any fiduciary duty by Gene Cook as George P. Cook's power of attorney. In addition, the circuit court found the evidence insufficient concerning whether the power of attorney had been forged or altered. The court stated that Elizabeth Chichester's assertions in that regard were self-serving and that she had offered no expert handwriting analysis to show that the initials on the power of attorney submitted in evidence were not those of George P. Cook.

Chichester and Lambson filed a motion to clarify whether the summary judgment disposed of the entire action, including their counterclaim. On August 12, 2013,

9

the circuit court entered a final order confirming that the counterclaim did not survive the summary judgment. The circuit court dismissed the action with prejudice, and this appeal followed.

## III. Standards of Review

Pursuant to Rule 56 of the *West Virginia Rules of Civil Procedure*, summary judgment is proper where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As a result of that plain language, the guidelines for considering a motion for summary judgment are well settled. Syllabus point 3 of *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N. Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), holds: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *Accord* syl. pt. 1, *Coleman Estate v. R.M. Logging, Inc.*, 222 W.Va. 357, 664 S.E.2d 698 (2008). Moreover, this Court has observed that, in reviewing an order granting a motion for summary judgment, any permissible inferences from the underlying facts must be drawn in the light most favorable to the party opposing the motion. *See Mueller v. Am. Elec. Power Energy Serv.*, 214 W.Va. 390, 393, 589 S.E.2d 532, 535 (2003).

Finally, in syllabus point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court stated that a circuit court's entry of summary judgment "is reviewed *de*

10

*novo.*" *Accord Grant Thornton, LLP v. Kutak Rock, LLP*, 228 W.Va. 226, 233, 719 S.E.2d 394, 401 (2011).

## IV. Discussion

In granting summary judgment in favor of Gene Cook, the circuit court addressed (1) the validity of the corrective deed, (2) the original deed made August 28, 1997, and (3) the underlying power of attorney by which George P. Cook named his son, respondent Gene Cook, as his attorney-in-fact.

## A.  The 2008 Corrective Deed

Although the circuit court rejected a challenge to the corrective deed because Chichester and Lambson failed to establish fraud, the corrective deed was void for the reasons stated by Chichester and Lambson in their answer:  "[T]he Grantor of the Power of Attorney was deceased and therefore the Power of Attorney no longer existed.  In addition, [Gene Cook] was not and never has been the Executor of the Estate of George P. Cook."

The record appendix confirms that Gene Cook was never appointed to be the executor of George P. Cook's Estate.

Furthermore, George P. Cook died in 1999, approximately nine years *prior* to Gene Cook's 2008 execution of the corrective deed as George P. Cook's attorney-in-fact.

11

West Virginia and Florida have statutory provisions stating that a power of attorney terminates when the principal, or grantor of the power, dies. *See W.Va. Code*, 39B-1-110(a)(1) [2012], and *Fla. Stat. Ann*. § 709.2109 [2011]. Specifically, *W.Va. Code*, 39B-1-110(a)(1) [2012], of the *West Virginia Uniform Power of Attorney Act* provides that a power of attorney terminates when the principal dies. *See also In re Richard P*., 227 W.Va. 285, 293, 708 S.E.2d 479, 487 (2010) (An ordinary power of attorney terminates upon the death of the principal.). As counsel for Chichester and Lambson stated succinctly at the hearing on the motion for summary judgment: "You cannot be both a power of attorney for your principal and an executor for your principal."

This Court is therefore of the opinion that the 2008 corrective deed was void *ab initio* and of no moment in the reformation of the August 28, 1997, deed by which Gene Cook conveyed the property to himself.

### B. The Original 1997 Deed

The circuit court also considered the validity of the original 1997 deed. The 1997 deed mistakenly identified Tract 1 by referring to an unrelated 1929 deed, rather than the 1910 deed set forth in the Will of G. W. Cook. Rejecting the mistake as surplusage, the circuit court found that the 1997 deed sufficiently established that the property Gene Cook conveyed to himself was the same 1/5 interest George P. Cook inherited through the Will of G. W. Cook.

12

The identification of Tract 1 by referring to an unrelated 1929 deed is not surplusage. However, the defective reference identifying Tract 1 is deprived of significance by the following language included in the 1997 deed:

> And, being the same property, one fifth (1/5) interest, inherited by Grantor, George Posey Cook, under the provision of The Last Will and Testament of [G. W. Cook], duly of probate in the Office of the Clerk of the County Commission of Wyoming County, West Virginia, *a copy of the Will which is hereby attached for purposes of reference.*[5]

(Emphasis added).

The language in the Will of G. W. Cook, which was attached to the 1997 deed, included the acreage and a correct deed reference for Tract 1. The Will was attached to the deed when it was recorded in the Office of the Clerk of the County Commission. The accuracy of the descriptions in G. W. Cook's Will have not been challenged and constitute a proper identification for the tracts conveyed.[6] *See Southern v. Sine*, 95 W.Va. 634, 638, 123 S.E. 436, 437 (1924) (A reference in two deeds to a Will for a "more particular description" of the land sold was a factor in determining whether the conveyances were in gross or by the acre.). *See also McQueen v. Ahbe*, 99 W.Va. 650, 655, 130 S.E. 261, 263

---

[5] The appendix record to this Court contained an incomplete copy of the 1997 deed. None of the parties saw fit to include the entire deed, which had attached the Will of G.W. Cook. However, the Clerk of this Court obtained a complete copy of the 1997 deed for our review. *See West Virginia Rules of Appellate Procedure,* Rule 6 [2010].

[6] *See* Vol. 2, G. P. Smith, Jr., *Harrison on Wills and Administration for Virginia and West Virginia*, § 305 (3rd ed. 1986) (discussing the sufficiency of descriptions of real property in Wills).

13

(1925) (A description can be determined by the deed "or other writing."). As syllabus point 1 of *Jones v. Gibson*, 118 W.Va. 66, 188 S.E. 773 (1936), holds: "A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey." *Accord Consol. Coal Co. v. Mineral Coal Co.*, 147 W.Va. 130, 143, 126 S.E.2d 194, 202 (1962). Further assistance in this area of the law is found in *Thomas v. Young*, 93 W.Va. 555, 117 S.E. 909 (1923), syllabus point 2 of which states:

> Where reference is made in a deed, containing only a general description of land, to another deed, which contains a description by metes and bounds, for the purpose of describing the land intended to be conveyed, it has the same effect as if such particular description in the deed referred to were incorporated in the deed in which the reference is made.

*See also*, J. W. Fisher, II, *The Scope of Title Examination in West Virginia: Can Reasonable Minds Differ?*, 98 W.Va. L. Rev. 449, 485 (1996); and J. W. Fisher, II, *The Scope of Title Examinations in West Virginia Revisited*, 111 W.Va. L. Rev. 641, 674 (2009) (when the description or identification in a deed includes key or foundation words, such as a reference to the source of title, certainty in the description of the land to be conveyed may be attained with the aid of evidence outside the deed).

Accordingly, the circuit court correctly determined that Tract 1 was adequately identified in the 1997 deed. The circuit court was correct in finding the deed was not invalid

14

or void because of a defective description or identification of the property conveyed. The identity of Tract 1 was made clear by the Will attached to the 1997 deed.

## C. The Power of Attorney

Gene Cook deeded the property to himself as power of attorney for his father, George P. Cook. The 1997 deed expressly stated that the conveyance was made pursuant to the 1996 power of attorney. Thus, the propriety of the 1997 conveyance is dependent upon the authenticity of the power of attorney which purportedly allowed Gene Cook to convey the property to himself.

It is uncontested that the May 1996 two-page power of attorney was prepared by a law firm in Florida and that Elizabeth Chichester, an employee of the firm, typed the power for her father, George P. Cook, to sign. It is further uncontested that George P. Cook signed the power of attorney and named Gene Cook as his attorney-in-fact. George P. Cook's signature on the second page of the document was notarized by Chichester. However, Chichester and Lambert contend that the power of attorney, thus signed, did not include a paragraph on the first page allowing Gene Cook to convey the property to himself. Moreover, they contend that the initials on page one of the power submitted by Gene Cook are not those of George P. Cook.

15

The circuit court rejected those contentions as self-serving and noted specifically that no expert handwriting analysis had been presented to show that the initials were not those of George P. Cook. This Court is of the opinion, however, that summary judgment was not warranted on the basis of the lack of a handwriting expert. Rule 701 of the *West Virginia Rules of Evidence* states:

> If the witness is not testifying as an expert, his or her testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

*See* Vol. 2, F. D. Cleckley, *Handbook on Evidence for West Virginia Lawyers*, ch. 7, § 701.02[4] (5th ed. 2012) (discussing Rule 701 and stating that "[o]ne who is familiar with a certain individual's handwriting may express an opinion as to the authenticity of a signature."). *See also* W.Va. R. Evid. 901(b)(2) (Nonexpert opinion as to the genuineness of handwriting, based on familiarity not acquired for purposes of litigation, is a proper means of authentication or identification.). Thus, in *Poole v. Beller*, 104 W.Va. 547, 140 S.E. 534 (1927), this Court held that a stepdaughter who had knowledge of her step mother's handwriting was competent to testify as to the genuineness of the step mother's signature to a disputed writing.[7]

---

[7] *See generally*, E. L. Kellett, Annotation, *Competency of Interested Witness to Testify to Signature or Handwriting of Deceased*, 13 A.L.R.3d 404 (1967).

In her affidavit in opposition to summary judgment, Elizabeth Chichester stated

that she and her father, George P. Cook, lived in Hernando County, Florida, and that she was

his care-giver during the latter part of his life. In addition, she indicated that the power of

attorney given to respondent Gene Cook related solely to the West Virginia property and that

she was George P. Cook's attorney-in-fact under a separate power of attorney, primarily

relating to health-care issues. The affidavit stated further:

> I have examined the Power of Attorney that is attached
> to [Gene Cook's] Motion for Summary Judgment and page
> one of that Power of Attorney [allowing Gene Cook to convey
> the property to himself] is not the one I prepared nor is it the
> first page initialed by my father at the time of his signing.    *
> *   *  I am personally familiar with my father's signature and
> his signature using initials only; and, the initials on page one
> of the above referenced Power of Attorney are not my
> father's.

Thus, in opposing summary judgment, Chichester and Lambson relied upon

Chichester's personal knowledge of their father's handwriting (initials). Our law is clear that

one who is familiar with an individual's handwriting may be allowed to express an opinion

as to the authenticity of the individual's signature.[8] Our law does not require that a party

---

[8] Syllabus point 2 of *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310 (1999), *modified on other grounds*, *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003), states:

> In order for a lay witness to give opinion testimony pursuant to Rule
> (continued...)

17

have a handwriting expert when a lay opinion is admissible under Rule 701 of the *Rules of Evidence*. Moreover, Chichester and Lambson asserted that the power of attorney had been altered by the insertion of a paragraph authorizing Gene Cook to deed the two Wyoming County tracts to himself.

In syllabus point 3 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court confirmed: "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." In the current matter, there is a question of material fact concerning the authenticity of the power of attorney by which Gene Cook conveyed the property to himself. Consequently, the entry of summary judgment was reversible error. In so ruling, we note that, in reinstating Chichester and Lambson's claims based on forgery and alteration of the power of attorney, their claims of breach of fiduciary duty, fraud and wrongful interference with testamentary expectancy are also reinstated for further litigation in the proceedings below.

### D.  The Deposition of Lawyer Charles Dollison

[8](...continued)
701 of the West Virginia Rules of Evidence (1) the witness must have personal knowledge or perception of the facts from which the opinion is to be derived; (2) there must be a rational connection between the opinion and the facts upon which it is based; and (3) the opinion must be helpful in understanding the testimony or determining a fact in issue.

18

Finally, Chichester and Lambson assert that the circuit court committed error in granting Toney's Fork Land, LLC's, motion to quash the notice of deposition of its former corporate lawyer, Charles Dollison. Dollison did not prepare the 1996 power of attorney, and he did not prepare either the 1997 deed or the 2008 corrective deed. He prepared the 2008 mining lease and deed conveying the surface to Toney's Fork Land, LLC.

As stated, we have held that the 2008 corrective deed is invalid and is no longer an issue. Consequently, any knowledge Dollison may have surrounding the drafting and execution of the corrective deed is irrelevant. We cannot perceive that his deposition about the 2008 deed will lead to the discovery of admissible evidence. *See* W.Va. R. Civ. P. 26(b)(1) (Parties may obtain discovery of information "reasonably calculated to lead to the discovery of admissible evidence."). Furthermore, there is no allegation that Dollison has any knowledge of the execution of the 1996 power of attorney or the execution of the original 1997 deed ostensibly transferring an interest in the two tracts to Gene Cook. Therefore, the circuit court was correct in not allowing the deposition of lawyer Dollison.

**V. Conclusion**

19

Accordingly, we reverse the orders of the Circuit Court of Wyoming County entered on March 19, 2013, and August 12, 2013, and remand this action to that court for proceedings consistent with this opinion.[9]

**Reversed and Remanded**.

---

[9] Three additional issues were raised during the proceedings before the circuit court. First, Gene Cook alleged in the amended complaint that he acquired title to the Wyoming County tracts on the basis of adverse possession. Second, Chichester and Lambson filed a motion *in limine* pursuant to *W.Va. Code*, 57-3-1 [1937] (the Dead Man's Statute), to prohibit the examination of any party or interested person concerning any personal transaction or communication between such witness and the deceased, George P. Cook. In regard to that issue, we note that the Dead Man's Statute was invalidated by this Court in *State Farm Fire & Cas. Co. v. Prinz*, 231 W.Va. 96, 743 S.E.2d 907 (2013). Third, Chichester and Lambson sought to prohibit any evidence of the sale of the property, unless there was shown a contract, note or memorandum therefor signed by George P. Cook – as required by *W.Va. Code*, 36-1-3 [1923] (the Statute of Frauds).

Those three issues, however, were not pursued in the briefs filed before this Court and, consequently, will not be addressed in this Opinion. Syllabus point 6 of *Addair, Adm'r v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981), holds: "Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." *Covington v. Smith*, 213 W.Va. 309, 317 n. 8, 582 S.E.2d 756, 764 n. 8 (2003). *See also* syl. pt. 5, in part, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966) (indicating that a party complaining of error must carry the burden of showing the error).

20