# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Elizabeth Chichester, as personal representative of the Estate of George P. Cook; Elizabeth Chichester, individually; and Katherine Lambson, individually, Counter-Plaintiffs Below, Petitioners**

vs) No. 15-0657 (Wyoming County 12-C-37)

**Posey Gene Cook, Counter-Defendant Below, and Toney's Fork Land, LLC, a Delaware limited liability company, Defendant Below, Respondents**

**FILED**

**June 3, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Elizabeth Chichester and Katherine Lambson, by counsel G. Todd Houck, appeal the judgment of the Circuit Court of Wyoming County, entered on June 5, 2015. Respondent Posey Gene Cook appears by counsel John F. Hussell, IV and Andrew L. Ellis. Respondent Toney's Fork Land, LLC appears by counsel Jennifer A. Hill. Respondent Coronado Coal II, LLC appears by counsel Thomas H. Gilpin and Alex M. Greenberg.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In *Chichester ex rel. Estate of Cook v. Cook*, 234 W.Va. 183, 764 S.E.2d 343 (2014), we recounted the dispute that arose between the petitioners and respondent—siblings—after Respondent/Attorney-in-Fact Posey Gene Cook used a power of attorney executed by their father in Florida in May of 1996, to convey to himself in 1997 the father's 1/5 interest in two tracts of land in Wyoming County. Upon conveying the interest to himself, Respondent Cook acted with the remaining 4/5 owners to enter into a lease with Respondent Toney's Fork Land for mining activity.[1] Petitioners asserted that they did not learn of Respondent Cook's conveyance to himself until 2011. Respondent Cook thereafter, in 2012, filed a complaint to quiet title to the 1/5 interest in the Circuit Court of Wyoming County. In answer, petitioners asserted that the 1/5 interest belonged to the Estate of George P. Cook, and included a counterclaim for breach of fiduciary duty, fraud, and wrongful interference with testamentary expectancy. The circuit court

---

[1] Respondent Coronado Coal filed a motion to intervene in March of 2015, after the coal lease was assigned to it.

granted summary judgment in favor of Respondent Cook in 2013, leading to *Chichester I*, wherein we found, in part, "there is a question of material fact concerning the authenticity of the power of attorney by which [Respondent Cook] conveyed the property to himself." *Id.* at 191, 764 S.E.2d at 351. We thus remanded the matter to the circuit court.

At a post-remand pretrial hearing, Respondent Cook moved in limine to exclude any evidence beyond the scope of the validity of the power of attorney on the ground that this Court found genuine issues of material fact only with regard to the validity of the power of attorney. The court granted the motion, bifurcated the trial, and proceeded to address the power of attorney issue. The evidence shows that the power of attorney executed in May of 1996 provided in pertinent part:

> Without limiting the powers conferred to my attorney in fact, I authorize my attorney in fact to handle any and all matters relative to any interest I own in real property or oil, gas, mineral or other interests in any and all property owned by me or to which I am entitled to under the Estate of the late George Washington Cook, in and throughout the State of West Virginia.

> I further convey upon my attorney in fact, the right to transfer ownership of said property or rights thereto to himself personally, without limitation.

At the conclusion of the first part of the trial in April of 2015, the jury returned a verdict finding that the power of attorney was "the authentic, unaltered [p]ower of [a]ttorney executed by George P. Cook." The circuit court dismissed petitioners' counterclaims and entered its final order confirming judgment for Respondent Cook. This appeal followed.

On appeal, petitioners assert that the circuit court erred in: (1) failing to follow the mandate of this Court that the petitioners' counterclaims be reinstated and litigated consistent with its opinion; (2) ruling that "should the trier of fact find that the power of attorney in question was not forged or altered, then the claims for breach of fiduciary duty, fraud and wrongful interference with testamentary expectancy are extinguished because Mr. Cook's action was explicitly authorized by the power of attorney;" and (3) entering final judgment dismissing petitioners' counterclaims with prejudice based upon its previous ruling that the counterclaims did not survive the jury's finding of fact that the power of attorney had not been altered.

Petitioners' challenges center on the circuit court's final order. We have announced our standard of review as follows: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

The common thread in petitioners' three assignments of error is the issue of whether the circuit court was obligated to further consider petitioners' counterclaims after the jury found that the power of attorney validly delegated to Respondent Cook, as appearing on the face of the document, "the right to transfer ownership of [the parties' father's] property or rights thereto to himself personally, without limitation." Petitioners suggest that even if the power of attorney was

2

not forged or otherwise tampered with, this self-dealing clause would not carry the day because respondent nevertheless was bound by a stricter fiduciary duty that may have prohibited the transaction here.[2] We disagree. We rejected, without reservation, such an argument in the similar case of *Rosier v. Rosier*, 227 W.Va. 88, 705 S.E.2d 595 (2010), and the limited circumstances of the case before us do not persuade us toward departure from that history. We thus agree with the circuit court's conclusion that petitioners' counterclaims were extinguished upon the jury's finding that Respondent Cook acted pursuant to a valid power of attorney.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 3, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman

---

[2] Petitioners' argument relies in part on a codicil the parties' father effected to his will in June of 1996—one month after executing the power of attorney—as evidence that Respondent Cook acted contrary to the parties' father's (that is, the principal's) intent. The codicil provides in part:

> This Codicil is being executed specifically to clarify matters relative to my inheritance from my father, George Washington Cook. At this time, my son, Gene Cook, is protecting my inheritance and insuring that my wife will benefit from any income in the event of my demise, and that my children will own everything equally that I have inherited or am entitled to inherit from my father. . . . I therefore give, devise and bequeath all my right, title and interest in the George Washington Estate assets, to my five children, P. Gene Cook, Jerry Lee Cook, James D. Cook, Katherine Cook-Lambson, and Elizabeth Cook-Chichester, in equal shares, per stirpes.

We note that petitioners have offered no evidence that Respondent Cook was aware of this provision, and there is thus no evidence before us that he intentionally violated any fiduciary duty conferred on him.