IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2021 Term

_____

No. 20-0065

_____

FILED

**October 28, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

ERIC PARKS,
Petitioner

v.

MUTUAL BENEFIT GROUP,
Respondent

_____

Appeal from the Circuit Court of Monongalia County
The Honorable Phillip D. Gaujot, Judge
Civil Action No. 19-CAP-31

REVERSED AND REMANDED

_____

Submitted: October 6, 2021
Filed: October 28, 2021

Kevin T. Tipton, Esq.
Tipton Law Offices
Fairmont, West Virginia
Counsel for Petitioner

Jeanette H. Ho, Esq.
Thomas, Thomas & Hafer LLP
Pittsburgh, Pennsylvania
Counsel for Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      The appellate standard of review for a circuit court order either granting or denying a motion for judgment as a matter of law in a bench trial, made pursuant to Rule 52 of the West Virginia Rules of Civil Procedure, is de novo. On appeal, this Court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a judgment as a matter of law when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed. Syllabus Point 1, *Waddy v. Riggleman*, 216 W. Va. 250, 606 S.E.2d 222 (2004).

2.      The plain language of Rule 13 of the Rules of Civil Procedure for the Magistrate Courts of West Virginia provides the exclusive methods of discovery in West Virginia's magistrate courts. Requests for admission are not a proper form of discovery in magistrate courts.

Armstead, Justice:

Eric Parks ("Petitioner") appeals the Circuit Court of Monongalia County's final order granting judgment as a matter of law[1] in the amount of $5,589.11 in favor of Mutual Benefit Group ("Respondent"). The circuit court conducted a trial *de novo* from a magistrate court judgment, in which Respondent brought an action against Petitioner as the result of an automobile accident. The circuit court's basis for its grant of judgment as a matter of law was that Petitioner had failed to respond to requests for admissions that Respondent had served upon Petitioner in the magistrate court. Because the West Virginia Rules of Civil Procedure for Magistrate Courts provide the exclusive means of discovery in magistrate courts and clearly do not provide for parties to serve requests for admission, we reverse the circuit court and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2017, Petitioner and Renee Dillow ("Dillow") were involved in an automobile accident. Respondent was Dillow's insurer and paid to her the sum of

---

[1] Respondent sought "directed verdict and . . . judgment in its favor." Following the 1998 amendments to the West Virginia Rules of Civil Procedure, a directed verdict is now known as judgment as a matter of law. W. V. R. C. P., Rule 50 and W. V. R. C. P., Rule 52. "As a result of amendments to the West Virginia Rules of Civil Procedure in 1998, the legal phrase 'directed verdict' has been replaced . . . by the phrase 'judgment as a matter of law.'" *Mumaw v. U.S. Silica Co.*, 204 W. Va. 6, 10 n.4, 511 S.E.2d 117, 121 n.4 (1998). "[W]e note that these vestigial terms continue to occasionally litter both this Court's opinions and the arguments of attorneys." *Fredeking v. Tyler*, 224 W. Va. 1, 4, 680 S.E.2d 16, 19 (2009). We will use the proper legal phrase contemplated by Rules 50 and 52 throughout this opinion.

$5,089.11 for the damage to her automobile. Dillow had a $500 deductible. Respondent then brought suit in Monongalia County Magistrate Court to recover the monies it paid Dillow and for Dillow's deductible.

The magistrate court conducted a bench trial and found in favor of Respondent in the amount of $5,589.11, plus court costs and interest. Petitioner appealed that judgment to circuit court. The appeal of the magistrate court bench trial to circuit court resulted in a trial *de novo* before the circuit court. *See* W. Va. Code § 50-5-12(d) (1994).

In the circuit court trial, Respondent presented its evidence first. Following the close of Respondent's case, Respondent moved for directed verdict[2] on the grounds that Petitioner did not respond to requests for admission that were served in magistrate court. During the course of the proceedings in magistrate court, Respondent served requests for admission upon Petitioner and Petitioner did not answer them.[3] Petitioner objected to the circuit court entering judgment against his client during the trial on the grounds that the magistrate court has very limited discovery. This argument was detailed in Petitioner's written objection to entry of the circuit court's final order. Nonetheless, the circuit court agreed with Respondent and deemed the following matters admitted:

> a) The accident between [Petitioner] and [Dillow] was caused by [Petitioner's] negligence;

---

[2] *See* footnote 1.

[3] As there is no record of bench trials conducted in West Virginia magistrate courts we rely upon the representations of the parties. *See* W. Va. Code § 50-5-8(f) (1994).

2

b) The cost of repairs which were performed on [Dillow's] car total $5,589.11;

c) The repairs that were performed on [Dillow's] car were reasonable and necessary;

d) [Respondent] paid $5,089.11 for the repairs to [Dillow's] car;

e) [Dillow] paid the $500.00 deductible required under her insurance policy for the repairs that were made to her car; and

f) The cost of repairs to [Dillow's] car as well as the amounts paid by [Dillow] and [Respondent] were fair and reasonable.

Before granting the motion for judgment as a matter of law, Petitioner was not afforded the opportunity to present any evidence at the trial *de novo* in the circuit court despite having witnesses, including Petitioner, available and ready to testify. The circuit court found that "the [Petitioner] failed to respond [to the requests for admission], therefore they're admitted." In its order, after having made the findings regarding the specific admissions noted above, the circuit court found "that the motions [for a directed verdict and judgment in its favor] are meritorious."

It is from the circuit court's entry of its final order granting judgment as a matter of law that Petitioner appeals.

## II. STANDARD OF REVIEW

Petitioner asserts that we should apply the *de novo* he standard of review applicable to a circuit court's grant of a Rule 50 motion for judgment as a matter of law:

> "The appellate standard of review for the granting of a motion for a [judgment as a matter of law] pursuant to Rule 50

of the West Virginia Rules of Civil Procedure is de novo. On appeal, this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a [judgment as a matter of law] when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed." Syllabus Point 3, *Brannon v. Riffle,* 197 W.Va. 97, 475 S.E.2d 97 (1996).

Syllabus Point 5, *Smith v. First Cmty. Bancshares, Inc.*, 212 W. Va. 809, 575 S.E.2d 419 (2002).

Respondent does not dispute whether Rule 50 applies but argues that we should consider the standard of review applicable after a circuit court conducts a bench trial, citing to a memorandum decision for this proposition. *See Wiekle v. Bolling*, No. 12-0549, 2013 WL 3184956 (W. Va. June 24, 2013) (memorandum decision).

Upon consideration of the parties' positions and the procedural posture of this matter, we believe the circuit court granted judgment as a matter of law pursuant to Rule 52 of the West Virginia Rules of Civil Procedure.[4] Under that rule, the appropriate standard of review, as under Rule 50, is *de novo*:

> The appellate standard of review for a circuit court order either granting or denying a motion for judgment as a matter of law in a bench trial, made pursuant to Rule 52 of the West Virginia Rules of Civil Procedure, is de novo. On appeal, this Court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a judgment as a matter of law when only one reasonable

---

[4] Rule 52 specifically applies "[i]n all actions tried upon the facts without a jury or with an advisory jury." This was a trial *de novo* tried before the circuit court without a jury.

4

conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed.

Syllabus Point 1, *Waddy v. Riggleman*, 216 W. Va. 250, 606 S.E.2d 222 (2004).

## III. ANALYSIS

This case calls upon us to examine the proper scope of discovery in our state's magistrate courts. The Rules of Civil Procedure for the Magistrate Courts in West Virginia were first promulgated by this Court in 1988 pursuant to our rulemaking authority under Article VIII, § 3 of the West Virginia Constitution[5] and the provisions of West Virginia Code § 51-1-4 (1935).[6] On their face, these rules clearly and unequivocally

---

[5] Article VIII, § 3 of the Constitution of West Virginia states, in pertinent part:

> The court shall have power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the state relating to writs, warrants, process, practice and procedure, which shall have the force and effect of law.

W. Va. Const. art. VIII, § 3.

[6] West Virginia Code § 51-1-4 provides:

> The Supreme Court of Appeals may, from time to time, make and promulgate general rules and regulations governing pleading, practice and procedure in such court and in all other courts of record of this state. All statutes relating to pleading, practice and procedure shall have force and effect only as rules of court and shall remain in effect unless and until modified, suspended or annulled by rules promulgated pursuant to the

(continued . . .)

provides the exclusive means of formal discovery in our magistrate courts. Rule 13 of

those rules provides:

> Discovery shall be limited to the following methods:
> (a) Production of Documents and Entry Upon Land. If the parties are otherwise unable to agree, upon motion of any party showing good cause and upon notice to all parties, the magistrate may order another party to the action to:
> (1) Produce and permit the inspection and photocopying by the moving party of any designated documents or records or tangible items which contain relevant evidence which are not privileged, and which are in the possession, custody or control of the party from whom production is sought; or
> (2) Permit entry upon designated land or other property in the possession or control of a party for the purpose of inspecting, measuring, surveying or photographing the property if the subject matter is relevant to the pending action.
> The court order shall specify the time, place, and manner of making the inspection and making the copies and may prescribe such terms and conditions as are just.
> (b) Physical Examination. If the parties are otherwise unable to agree, upon motion showing good cause and upon notice to all parties, the magistrate may order another party to submit to a physical examination by a physician, under the following circumstances:
> (1) A plaintiff claiming relief for physical injury caused by the defendant's actions may be ordered to submit to an examination upon motion of the defendant.
> (2) A defendant placing the defendant's physical condition in issue by way of defense or otherwise may similarly be ordered to submit to an examination, upon motion of the plaintiff.

---

provisions of this section. Such rules and regulations shall be uniform for all courts of the same grade or class; but any court of the state other than the Supreme Court of Appeals may adopt rules of court governing its local practice, but such rules of local practice shall not be inconsistent with any general rule of court then in existence or thereafter promulgated, and shall be effective only after approval by the Supreme Court of Appeals.

W. Va. Code § 51-1-4 (1935).

(3) Notice shall be given to the party to be examined and to all other parties and shall specify the time, place, manner, conditions and scope of any such examination and the person or persons by whom it is to be made.

(4) If requested by the person examined, the party causing any such examination to be made shall deliver to the person examined a copy of a detailed written report of the examining physician setting out the physician's findings and conclusions.

(5) After such request and delivery, the party causing the examination to be made shall be entitled upon request to receive from the party examined a like report of any examination, previously or thereafter made, of the same physical condition.

(6) If the party examined refuses to deliver such report, the court on motion and hearing may order delivery on such terms as are just, and if a physician fails or refuses to make such a report the court may exclude the physician's testimony if offered at the trial.

(c) Failure to Comply. If any party refuses to obey an order made under subdivision (a) or (b) of this rule, the magistrate may:

(1) Order that the matters regarding the character or description of the property or the contents of the paper, or the physical condition of the party, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) Refuse to allow the disobedient party to support or oppose designated claims or defenses, or prohibit such party from introducing in evidence designated documents or items of testimony, or from introducing evidence of physical conditions; or

(3) Stay further proceedings until the order is obeyed.

W. V. R. C. P. Mag. Ct., Rule 13.

In examining provisions of the companion West Virginia Rules of Civil Procedure, we have consistently stated that we must apply their plain language. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("The plain language of Rule 56(c)

mandates the entry of summary judgment. . . ."); *Chichester ex rel. Estate of Cook v. Cook*, 234 W. Va. 183, 188, 764 S.E.2d 343, 348 (2014) (applying plain language of Rule 56); *Mason v. Smith*, 233 W. Va. 673, 678, 760 S.E.2d 487, 492 (2014) (applying plain language of Rule 56); *McComas v. ACF Industries, LCC*, 232 W. Va. 19, 23, 750 S.E.2d 235, 239 (2013) (applying plain language of Rule 56); *Motto v. CSX Transp., Inc.*, 220 W. Va. 412, 419-20, 647 S.E.2d 848, 855-6 (2007) (applying plain language of Rule 56); *Powderidge Unit Owners Ass'n v. Highland Properies, Ltd.*, 196 W. Va. 692, 702, 474 S.E.2d 872, 882 (1996) (cautioning litigants to heed the plain language of Rule 56(f)); *Pettry v. Chesapeake & O. Ry. Co.*, 148 W. Va. 443, 452, 135 S.E.2d 729, 734 (1964) (discussing the plain language of Rule 81(a)(1)). Neither the briefs of the parties nor a plain reading of the relevant procedural rules provides support for authorizing requests for admission to be served in magistrate courts. To the contrary, the plain language of this rule limits discovery to three methods and we must simply apply it.

Additionally, the relevant discovery provisions of the West Virginia Rules of Civil Procedure do not apply in a circuit court appeal from magistrate court. *See* W. V. R. C. P., Rule 81(a)(1) ("[I]n a case on appeal from a magistrate court, Rules 26 through 37 may not be used. . . ."). We have previously discussed how Rule 81 applies in trials *de novo* in the circuit court:

> It is provided under Rule 18(d), in part, that "[a]n appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury." Rule 18(d) of the magistrate court rules is quite clear in limiting a circuit court's de novo jurisdiction over an appeal of a case tried in

8

magistrate court without a jury. *See Burr v. Elmore*, No. 13–1078, 2014 WL 5328638, at \*2 (W. Va. Oct. 20, 2014) (memorandum decision) ("[T]he circuit court held a *de novo bench trial* on respondent's complaint and petitioner's counter-claim." (emphasis added)). The jurisdiction of the trial court in that situation does not extend to affording a litigant a jury trial on an appeal. *See* Robin Davis and Louis J. Palmer, Jr., "Handbook on the Rules of Civil Procedure for West Virginia Magistrate Courts," § 18(d), pg. 258 (2010).

It is further provided under W. Va. Code § 50–5–12(d) that on an appeal of a magistrate decision "[t]he exhibits, together with all papers and requests filed in the proceeding, constitute the exclusive record for appeal and shall be made available to the parties." *See* Davis and Palmer, "Handbook," § 18(d) at 260. This statute is clear in prohibiting a trial court from allowing discovery in a case appealed from magistrate court. This limitation is consistent with Rule 81(a)(1) of the West Virginia Rules of Civil Procedure. Rule 81(a)(1) provides, in part:

When the appeal of a case has been granted or perfected, these rules apply, except that, in a case on appeal from a magistrate court, *Rules 26 through 37 may not be used*[.]

(Emphasis added.) *See* Franklin D. Cleckley, Robin Jean Davis, and Louis J. Palmer, Jr., "Litigation Handbook on the West Virginia Rules of Civil Procedure," § 81(a)(1), pg. 1433 (2012) ("The rule also recognizes that all rules of civil procedure, other than Rule 26 through Rule 37, apply in an appeal to circuit court."). It is clear that Rule 81(a)(1) also does not allow the discovery provisions of Rules 26 through 37 to be used in an appeal from a magistrate decision. *See Cordell v. Jarrett*, 171 W.Va. 596, 599, 301 S.E.2d 227, 231 (1982) ("Rule 81(a)(1) ... recognizes that all rules of civil procedure, other than Rules 26 through 37, apply.").

*State ex rel. Veard v. Miller*, 238 W. Va. 333, 338-39, 795 S.E.2d 55, 60-61 (2016).

Thus, we conclude that the plain language of Rule 13 of the Rules of Civil Procedure for the Magistrate Courts of West Virginia provides the exclusive methods of discovery in West Virginia's magistrate courts. Requests for admission are not a proper form of discovery in magistrate courts. Rule 81 of the West Virginia Rules of Civil Procedure governs the *de novo* appeal of magistrate court bench trial decisions and such rule expressly excludes the application of Rules 26 through 37 of the West Virginia Rules of Civil Procedure to such appeals. Because requests for admissions are a discovery tool provided for in Rule 36 of the West Virginia Rules of Civil Procedure, such requests are not available to parties in circuit court appeals of magistrate court cases tried without a jury. Accordingly, neither the magistrate court nor the circuit court had authority to deem matters admitted in requests for admission improvidently served in magistrate court.

The Respondent appears to argue that, even excluding the evidence deemed admitted pursuant to the requests for admission, there was sufficient evidence of record to support the circuit court's decision. We disagree with this position. Following the presentation of Respondent's case, and relying largely upon the Petitioner's failure to answer the requests for admissions, the circuit court granted the Respondent's motion for judgment as a matter of law. Accordingly, the Petitioner was denied the opportunity to present evidence before the circuit court in support of his position. The circuit court should have denied Respondent's motion at the conclusion of its evidence during the trial *de novo* and allowed Petitioner to present his defense.

## IV. CONCLUSION

For the foregoing reasons, the circuit court erred in granting judgment as a matter of law and therefore we reverse and remand this matter for further proceedings consistent with this opinion.

Reversed and remanded.

11